Randles *et al. v.* Randles *et al.*

———————— ◆ ————————

## RANDLES ET AL. *v.* RANDLES ET AL.

HUSBAND AND WIFE.—*Post-Nuptial Agreement.—Statute of Descents.—Sections 36 and 40 Construed.*—Sections 36 and 40 of the statute of descents, 1 R. S. 1876, p. 414, must be construed together, in so far as they relate to post-nuptial agreements for the benefit of wives.

SAME.—*Agreement must be in Writing.—Assent of Wife.*—A post-nuptial agreement, making a pecuniary provision for the wife in lieu of her rights in the real estate of her husband, must, to be valid, be evidenced by a deed or other written instrument bearing an endorsement, or attached to a written acknowledgment, of her " assent to receive the same, in lieu of all " her " right or claim, ❋ ❋ ❋ in the lands of the husband."

SAME.—*Partition.—Quieting Title.—Complaint.—Cross Complaint.* — In an action by the heirs, to partition the lands of an intestate among themselves, and to quiet their title thereto as against the widow, the complaint alleged that she had entered into a post-nuptial agreement with the intestate, and had accepted a pecuniary provision made thereby, in lieu of her right in his lands.

*Held*, it not being averred that such agreement was in writing, that it will be deemed to have been merely verbal, and therefore invalid.

*Held*, also, that an answer by her, in the nature of a cross petition or complaint, avoiding the alleged agreement, and claiming her third interest as widow, is sufficient.

SAME.—*Evidence.*—Where, in such action, there is no evidence of a valid post-nuptial agreement, the finding on that point must be against the party alleging it.

SUPREME COURT.—*Practice.—Motion to Strike out Surplusage.*—The Supreme Court, on appeal, will not reverse a judgment for mere error in overruling a motion to strike surplusage out of a pleading.

PARTITION.—*Action can not be Dismissed after Finding Announced.*—

*Practice.*—It is too late to dismiss an action for partition, over the objection of the defendant, after the finding of the court has been announced.

SAME.—*Report of Commissioners.—Correcting Misdescription.—Amendment. —Nunc pro tunc Entry.*—Commissioners to make partition of lands may, in their report, correct any misdescription thereof contained in the pleadings, interlocutory order of partition, or the warrant to the commissioners ; and, in such case, it is not error in the court to direct corresponding amendments to be made; and the fact that the court erroneously styles such direction as an order for a *nunc pro tunc* entry, does not vitiate the order.

SAME.—*Supreme Court.—Pleading.*—Such an amendment of the pleadings will be deemed by the Supreme Court, on appeal, to have been made below.

SAME.—*Objections to Commissioners' Report.*—The action of the court in overruling an objection to the report of commissioners making partition, made on the ground of inequality in the partition and based merely upon the affidavits of the parties objecting, will not be disturbed by the Supreme Court, on appeal.

From the Tippecanoe Circuit Court.

*G. O. Behm, J. Park* and *A. O. Behm,* for appellants.

*F. B. Everett,* for appellees.

HOWK, C. J.—This was an action by the appellants, as plaintiffs, against the appellees, as defendants, for the partition of certain real estate, in Tippecanoe county, Indiana, particularly described in the appellants' complaint.

It was alleged in said complaint, in substance, that, on the 19th day of March, 1875, at said county, one Peter Randles died intestate, the owner in fee-simple of said real estate at the time of his death ; that the appellants and the appellee Eldon G. Randles were the children and heirs at law of said Peter Randles, deceased, and as such were each the owner, in fee-simple, of an undivided one-twelfth part of said real estate ; that the appellee Mahala Randles was the wife, by a second marriage, and widow of said Peter Randles, deceased, and the said Eldon G. Randles was the only child of said Peter Randles, deceased, by said Mahala Randles ; that, during the year 1874, the said Peter Randles was the owner of said real estate, and of some personal property, all of an aggregate value at that time not exceeding twenty-one thousand dollars ; that, in the year 1874,

domestic' difficulties having arisen between said Peter Randles and his wife, said Mahala Randles, an agreement was entered into, by and between them, for a separation, by the terms of which agreement, in consideration that said Mahala would never claim any interest whatever in said Peter Randles' property, either real or personal, and that she would live separate and apart from him for the remainder of their joint lives, and would in all respects support and maintain herself, the said Peter would, on his part, pay or cause to be paid to her the sum of six thousand four hundred dollars; that, in pursuance of said agreement, the said Peter Randles delivered to said Mahala certain notes, secured by mortgage, amounting to said sum of six thousand four hundred dollars, which said notes and mortgage the said Mahala, on or about the 17th day of November, 1874, accepted, in pursuance of the terms of their said agreement, and in full of all her interest in and to the property, both real and personal, of said Peter Randles, and that from said last named day, and in pursuance of said agreement, the said Peter and said Mahala separated, and lived separate, and were so living at the time of the death of said Peter Randles; and that, during their separation, said Mahala supported herself free of charge upon her said husband or upon his estate; and that, when the said Peter and said Mahala were married, said Mahala had no property, nor did she afterward, during their coverture, acquire any property that came into the possession of said Peter Randles; and that said sum of six thousand four hundred dollars was paid by said Peter to said Mahala, out of his own estate and none other. Wherefore the appellants prayed judgment, that it be decreed, that said Mahala Randles had no interest in said real estate, and that the cloud resting upon the title thereto, by her pretended claim, might be removed, and for partition of said real estate, etc.

To this complaint, the appellce Mahala Randles sep-
arately answered in two paragraphs, in substance, as fol-
lows:

1.   A general denial, except the allegations of her inter-
marriage with the decedent, Peter Randles, his seizure in
fee-simple of the real estate described in the complaint,
during their coverture, the death of said Peter Randles,
and that her co-appellee, Eldon G. Randles, was the only
living issue of their said marriage ; and,

2.   That she was intermarried with the decedent, Peter
Randles, in 1859; that, in three or four years after their
marriage, the decedent, without any fault of said appellee,
became dissatisfied with her, and manifested a dislike of her,
and gave her many just causes of complaint of his conduct
towards her, the particulars of which she did not wish to
state further than to protect herself in her just rights as
against the claim of the appellants, in this action ; that, for
the period of —— years before the death of her said hus-
band, she, said appellee, was in ill health, a confirmed in-
valid, unable to work, and for much of the time confined
to her bed; that the decedent desired the appellee to leave
his house, and often stated so to her, and that, on account
of his wrong conduct, it was necessary for her health and
peace of mind to leave his house and family ; that she had
no ready money upon which to maintain herself, although
she alleged that she was the owner, in her own right, of a
large amount of real estate, in said Tippecanoe county, of
the value of twelve thousand dollars; that, to gratify the
desire and command of the decedent, Peter Randles, and to
obtain ready money with which to suitably provide for her-
self, the said appellee, on the 17th day of November, 1874,
caused to be conveyed to him, the said decedent, her said
real estate, by joining in a deed therefor to one James Rice,
who immediately reconveyed the same to her said hus-
band, Peter Randles, deceased ;   that no consideration was
paid by or to said James Rice, but that he acted as a mere

trustee, through whom to effect a conveyance of said real estate from said appellee to her said husband, Peter Randles; that the lands so conveyed by said appellee (which were particularly described in said paragraph of answer) were a part of the real estate of which said decedent died seized, and of which partition was sought for in this action, among the heirs of said decedent other than said appellee; that, upon the conveyance of said lands by said appellee, and for the reasons, and under the circumstances, stated in said paragraph of answer, said appellee received from said Peter Randles, deceased, the notes of the value of six thousand dollars, and this is the same amount alleged to have been paid her by said decedent, in the appellants' complaint, and that the decedent assigned and paid her no other notes or money. Wherefore the said appellee said that she was entitled, as widow of said decedent, to the one-third of the real estate of which he died seized, and she prayed that the same might be set apart to her in the proceeding for partition commenced by the appellants in this cause.

To this second paragraph of answer the appellants demurred, upon the ground that it did not state facts sufficient to constitute a defence to their action, which demurrer was overruled by the court, and to this ruling the appellants excepted.

The appellants moved the court, in writing, to strike out a certain part of the second paragraph of the separate answer of the appellee Mahala Randles, which motion was overruled, and to this decision the appellants excepted.

The appellants replied, by a general denial, to the second paragraph of said separate answer of said Mahala Randles.

The issues joined were tried by the court, without a jury, at the November term, 1875, and taken under advisement. At the February term, 1876, the court, being fully advised,

made its finding for the appellee Mahala Randles, on the issues joined between her and the appellants, that she was the owner, in fee-simple, of the undivided one-third part in value of all the said real estate of which the · said Peter Randles died seized, to which finding of the court the appellants excepted; and the court further found, that the appellants and the appellee Eldon G. Randles were each the owner, in fee-simple, of an undivided one-eighteenth part in value of said real estate; that the appellants and the appellees were the owners, in fee-simple and as tenants in common, of said real estate; and that partition of said real estate should be made between the said parties, setting apart to each, in severalty, his or her share thereof, as found by the court. Thereupon the court rendered a judgment of partition, in accordance with its said finding.

Afterward, at the same term, the appellants moved the court, in writing, to modify its said judgment of partition, which motion was overruled, and to this ruling they excepted. Thereupon the court appointed commissioners to make such partition, and report the same to the court, at that term.

Afterward, at the same term, the appellants moved the court to dismiss this action at their costs, to which the appellee Mahala Randles objected; and eight days afterward, at the same term, the appellants filed a written dismissal of their action, to which dismissal the appellee objected for the reason that it came too late, and the court took the matter under advisement.

Afterward, at the April term, 1876, the court, being sufficiently advised, overruled the motion to dismiss the action, to which ruling the appellants excepted. At the same term, the commissioners theretofore appointed made and acknowledged in open court their report of partition, to which report the appellants filed written exceptions.

Randles *et al.* *v.* Randles *et al.*

At the September term, 1876, of the court, the appellee Mahala Randles filed an answer to appellants' exceptions; and at the November term, 1876, the court overruled the appellants' exceptions to the report of partition, to which decision the appellants excepted. Thereupon the court ordered that the description of a part of the real estate in the interlocutory order and the warrant issued thereon be amended *nunc pro tunc*, so as to conform to the description thereof in said commissioners' report, to which order the appellants excepted. The court then approved and confirmed said report of partition, and rendered final judgment thereon.

Thereupon the appellants moved the court in writing to set aside the proceedings in this action and grant them a new trial, which motion was overruled, and they excepted to this decision and appealed to this court.

The appellants have assigned in this court the following decisions of the circuit court, as alleged errors:

1. In overruling their demurrer to the second paragraph of the answer of the appellee Mahala Randles;

2. In overruling their motion to strike out a certain part of said second paragraph of said answer;

3. In overruling their motion to dismiss the cause;

4. In overruling their motion to strike out a certain part of the judgment of partition;

5. In overruling their motion to strike from the files the affidavit of P. C. Vawter;

6. In overruling their objections to the commissioners' report of partition;

7. In overruling their objections, as set out in bill of exceptions No. 5; and,

8. In overruling their motion for a new trial.

We will consider and decide such questions arising under these alleged errors, as the appellants' counsel have presented and discussed in their brief of this cause, in the same order in which they have presented them.

1.   It is claimed by the appellants' counsel, as we understand them, that, in and by the allegations of their complaint, the appellants have shown a valid and legal post-nuptial agreement between the appellee Mahala Randles and her deceased husband, Peter Randles, whereby the said Mahala Randles, in consideration of the pecuniary provision of six thousand four hundred dollars, made for her benefit by her deceased husband, in his lifetime, agreed to receive the same in lieu of all her right or claim in the lands of her said husband.   We assume, as the contrary was not alleged nor shown, that the alleged agreement mentioned in the appellants' complaint was an oral agreement.   Construing together the provisions of sections 36 and 40 of "An act regulating descents and the apportionment of estates," approved May 14th, 1852, as we think we must, it seems very clear to us that such a post-nuptial agreement for a pecuniary provision must be made and evidenced by a deed or instrument in writing, and that it will not be binding on the wife, unless she at the time has signified in writing, indorsed upon or attached to such deed or written instrument, "her assent to receive the same, in lieu of all right or claim of such wife in the lands of the husband." 1 R. S. 1876, p. 414.   In our opinion, therefore, the alleged post-nuptial agreement, between the appellee Mahala Randles and her deceased husband, Peter Randles, as stated in the appellants' complaint, was invalid and void, and constituted no bar to the right or claim of said appellee in the lands of her deceased husband.

The court did not err, we think, in overruling the appellants' demurrer to the second paragraph of the answer of the appellee Mahala Randles.  This paragraph, though called an answer, was in the nature of a cross petition or cross complaint, in which the appellee alleged her interest, as widow, in the real estate of her deceased husband, and prayed that such interest might be set off to her.   For

that purpose, it stated sufficient facts, and therefore the demurrer was properly overruled.

2. The appellants complain of the action of the court in overruling their motion to strike out the first twenty-seven lines of the second paragraph of said appellee's answer. These twenty-seven lines contain the appellee's version of the alleged post-nuptial agreement. The matter stated in those lines was not very material, but it was as good, perhaps, as the post-nuptial agreement. At most, it was mere surplusage; and as a rule this court will not reverse a judgment for an error committed in overruling a motion to strike out surplusage or immaterial matter. *Mires* v. *Alley*, 51 Ind. 507, and *House* v. *McKinney*, 54 Ind. 240.

3. It is earnestly insisted, that the finding of the court in favor of the appellee Mahala Randles was not sustained by the evidence. In other words, it is claimed that the evidence clearly showed that there was a post-nuptial agreement, as alleged in the complaint, between said appellee and her deceased husband, Peter Randles, which barred her right or claim to any interest in his lands. There was not a particle of evidence introduced on the trial tending even remotely to show that any such agreement had ever been made or evidenced by any deed or written instrument executed by or between the said parties. There was no proof whatever, therefore, of any post-nuptial agreement which was a valid and legal bar to the appellee's right and claim to her interest, as widow, in the lands of her deceased husband. The finding of the court was clearly right, we think, on the evidence.

4. The appellants claim that the court erred in overruling their motion to dismiss the suit. It will be seen, from our statement of this case, as shown by the record, that the appellants' motion to dismiss was made, and their written dismissal was filed, several days after the finding

of the court on the trial was announced, and after they had failed to obtain a modification of said finding which they had applied for. In section 363 of the practice act, it is provided, that, when a cause is tried by the court, it may be dismissed by the plaintiff " at any time before the finding of the court is announced." 2 R. S. 1876, p. 184. The implication from this provision is so strong, we think, as to amount to a positive declaration, that a plaintiff may not dismiss his action after the finding of the court on the trial has been announced, except with the defendant's consent and with leave of the court. In this case it is very clear, in our opinion, that the appellants' motion to dismiss, and their attempted dismissal of their action, after the finding of the court was announced, came too late and were, therefore, properly overruled. *Livergood* v. *Rhoades*, 20 Ind. 411; *Walker* v. *Heller*, 56 Ind. 298.

5. It is urged by the appellants' counsel, with zeal and ability, that the court erred in overruling the objections and exceptions of the appellants to the commissioners' report of partition. The chief objection insisted upon to this report was the apparent variance in the description of some of the real estate, of which partition was sought for, in the commissioners' report, from the description given in the pleadings, in the interlocutory order for partition, and in the warrant issued thereon to the commissioners. In the appellants' complaint, the lands to be divided were described generally as the lands of which Peter Randles was the owner, in fee-simple, at the time of his death. Besides this general description, a particular description was attempted to be given of each of the several parcels of said real estate, for which partition was sought. These descriptions, both general and special, were adopted and followed in the interlocutory order for partition, and, of course, in the warrant issued thereon to the commissioners to make such partition. These commissioners, one

of whom was the county surveyor, in the discharge of their duty, found that some of the parcels of real estate, of which the said Peter Randles was seized in fee-simple at the time of his death, and of which partition was sought in this action, were misdescribed in the pleadings, in the interlocutory order for partition, and in the warrant issued to said commissioners. In their report of partition, the commissioners corrected these misdescriptions, where they occurred, and assigned and set apart lands to the different parties, in severalty, by proper and accurate descriptions. This action of the commissioners is vehemently complained of by the appellants as erroneous; but we confess that we are unable to perceive wherein or how they were or could be prejudiced or injured by this procedure of the commissioners. Accuracy of description is an essential element of good title to realty; and when, in making a partition of lands, it is discovered that a mistake exists in the description of the lands, or any part thereof, it seems to us that such mistake ought to be corrected, and, if the same is corrected by the commissioners in their report, we fail to see how any of the parties interested can be thereby injured.

When the court overruled the objections and exceptions of the appellants to the report of the commissioners, it was ordered by the court that the interlocutory judgment of partition, and the warrant issued thereon to the commissioners, should be amended *nunc pro tunc*, so that the descriptions of the real estate therein should conform to the correct description thereof in the report of the commissioners.

There was no error, we think, in this order of the court. The parties interested were all before the court, and surely the court had the power, in its discretion, during the pendency of the action, to correct any mere mistake in description in its prior judgment and warrant. This order

of amendment was certainly within the discretion of the court, and was properly made; but we think it was improperly termed a *nunc pro tunc* order. The office of a *nunc pro tunc* entry, as we understand it, is to make a record of a prior action now as of the date when the action was had, and of which no record was made at the proper time. But a proper order will not be vitiated by giving it an improper name.

In our opinion, the court had the power, and, perhaps, should have exercised it in this case, to direct the parties to so amend their pleadings, as that the same should contain full, true and correct descriptions of the several tracts of land of which the said Peter Randles was the owner, in fee-simple, at the time of his death, and of which partition is sought for in this action. As the pleadings of the parties might have been thus amended in the court below, they will be taken and deemed by this court to have been thus amended.

6. One of the grounds of objection and exception by the appellants to the report of the commissioners was the alleged inequality of the partition, in this, that the share of the real estate, assigned to the appellee Mahala Randles, was much more than the one-third part in value of the whole real estate of which said Peter Randles was seized at the time of his death. This ground was supported by the affidavit of two of the appellants, who had a direct interest in the partition; while the report is the act of three disinterested persons, not of kin to any of the parties, made under the sanction of their oaths. Under such circumstances, we can not say that the court erred, in overruling this ground of objection, and in sustaining the report.

We have now fully considered and passed upon all the questions presented by the appellants' counsel in their brief of this cause, and our conclusion is, that there is no error in the

record, for which the judgment of the court below ought to be reversed.

The judgment is therefore affirmed, at the appellants' costs.