WILBER vs. WILBER and others.

*April 20 — May 10, 1881.*

*Widow of Testator: her right of election.*

The widow's statutory right to elect the provision made for her by law in lieu of that made by will, cannot be taken from her either by the will or by a *deed of release* executed by her to her husband during the coverture.

APPEAL from the Circuit Court for *Trempealeau* County. This action was commenced August 30, 1879, by *Mary E. Wilber*, widow of Asahel H. Wilber, to recover from the heirs-at-law of her deceased husband and the devisees named in his will, her dower interest in certain lands, of which her said husband was seized at his death.   The will was executed May 9, 1878, and a codicil thereto was dated August 28, 1878.   Asahel H. died September 1, 1878, and on November 4, 1878, the will and codicil were admitted to probate.

The complaint alleges that on the 5th of August, 1879, plaintiff applied to the county court for an order that her dower be assigned to her out of the lands described, after due notice to each of the defendants; that defendants objected, and the application was thereupon refused, and no dower had ever been assigned to the plaintiff. The defense relied upon was, that at the time of the execution of the will, May 9, 1878, plaintiff, being then the wife of Asahel H. Wilber, duly executed under her hand and seal an instrument in writing, so attested, acknowledged, etc., as to be entitled to record, whereby, in consideration of $500 to her in hand paid by her said husband as therein confessed, she granted, remised, released and forever quitclaimed unto the said Asahel H., his heirs and assigns, other than herself, all the dower and third right and title of dower and thirds, and all other title, interest, property, claim and demand whatever, in law and equity, of her, the said *Mary E.*, of, in and to all and every, the messuages, lands, tenements, real estate, personal property, moneys, credits and effects whereof he, the said Asahel H., was seized and possessed, or whereof he was seized or possessed at the time of his intermarriage with said *Mary E.*, or at any time thereafter, or of which he should at any time thereafter become seized or possessed, wheresoëver the same should be situated, so that neither the said *Mary E.*, her heirs, executors, administrators or assigns, nor any other person or persons for her, them, or any of them, should have, claim, challenge or demand, any dower or any other right or title in or to the same, or any part or parcel thereof, in whosesoëver hands, seizin or possession the same might be, but thereof and therefrom should be entirely barred and excluded forever by said writing; and that Asahel H., in and by his will of the same date, declared, in effect, among other things, that no part of his estate, real or personal, should go to or be received or enjoyed by his wife, the said *Mary E.*, for the reason, as therein expressed, that he had, before the making of said will, paid to her a large sum of money in lieu of, and in full satisfaction

of, her dower and right of dower in and to his estate, which said payment had been received by her freely and voluntarily in full payment and satisfaction thereof, as would more fully appear from her deed of relinquishment thereto attached, and marked A., being the deed executed by her as above stated.

The court found that the paper executed by *Mary E. Wilber* May 9, 1878, was void, and did not operate as a bar of her dower in the lands of her husband, and was not a lawful provision in lieu of dower; and judgment was entered accordingly, from which the defendants appealed.

The cause was submitted for the appellants on the brief of *Button Bros.*

*Edwin White Moore*, for the respondent.

CASSODAY, J.   The county court has power to assign dower to a widow only in cases where her right thereto "is not disputed by the heirs or devisees, or any person claiming under them or either of them." Section 3869, R. S.; section 8, ch. 89, R. S. 1858.   Here the plaintiff's right was disputed, and hence she was forced to proceed in the circuit court.   The action is at law, to recover the homestead and her dower interest in the other lands.   The defense is her deed of release to her husband, executed and delivered during coverture, as a bar to the action.   The widow of every deceased person is entitled to dower in all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage, unless she is lawfully barred thereof, except in the cases specially provided for by statute.   Section 2159, R. S.; section 1, ch. 89, R. S. 1858.   It will not be claimed that the case here presented comes within the exceptions.   During coverture the wife has an inchoate interest in her husband's lands, but such interest is contingent, and does not become vested until the death of the husband. *Bennett v. Harms*, 51 Wis., 251, and cases there cited.   So long as such interest remains inchoate and contingent, and not vested by the death of the hus-

band, any attempted conveyance by her alone of lands still belonging to her husband is inoperative, as she has no vested interest to which it can attach. In *Rowe v. Hamilton*, 3 Me., 63, it was held that "a *feme covert* cannot bar her dower by any release made to the husband during the coverture." In *Page v. Page*, 6 Cush., 196, it was held that "the deed of a married woman, executed by her *alone*, relinquishing her dower in land previously conveyed by her husband by his separate deed, does not bar her dower therein, either under the revised statutes or the statutes previously in force." In *Carson v. Murray*, 3 Paige, 484, 503, it was held that "a wife cannot relinquish her dower in the real estate of her husband by executing a release thereof to him, or in any other way than by joining with him in a conveyance to a third person."

The grounds of this rule are well stated by ALLEN, J., in *Marvin v. Smith*, 46 N. Y., 575, where the court, following *Carson v. Murray*, said: "The inchoäte right of dower not being the subject of a conveyance in any of the usual forms by which real property is transferred, and the doctrine of estoppel, by which subsequently acquired titles are made to enure to the benefit of former grantees of lands with covenants of warranty, being inapplicable, it follows that the grantee or mortgagee claiming under an instrument executed by a married woman during coverture acquires no title to or interest in the dower of the grantor or mortgagor when the estate becomes absolute, whether dower has been assigned or not. The law will not effect indirectly, or by way of estoppel, that which cannot be accomplished by contract and the ordinary forms of conveyance." In *McKee v. Reynolds*, 26 Iowa, 578, it was held, per DILLON, C. J., that "the contingent right of dower of the wife in the husband's lands, or his in hers, is not the subject of barter and sale between them; and, aside from an agreement to separate, it is not competent for one to convey to the other his or her dower interest in real estate." For these reasons the statutes have provided the methods by which she may, during coverture, and while her interest in her husband's

lands are inchoate, forever bar herself therefrom. Has the plaintiff ever barred herself of the interest which she otherwise would have acquired in the lands in question, by any of the methods prescribed in the statutes? One method is by joining with her husband in his conveyance, or with his guardian in case he is under guardianship; or, in case he *has already* conveyed the land, she may bar her dower therein by giving her deed of the same land. R. S., sec. 2222; sec. 13, ch. 86, and sec. 13, ch. 89, R. S. 1858. This last clause first appeared in the revision, and since the death of the intestate. So she may authorize another by letter of attorney to bar her dower in the cases where she is authorized by statute to bar the same. Sections 2223–4, R. S. So by deed of jointure or pecuniary provision in lieu of dower settled on her with her assent before marriage. Sections 2167–9, R. S. If any such jointure or pecuniary provision be made before marriage, and without the assent of the intended wife, or if made after marriage, she shall make her election, after the death of her husband, whether she will take such jointure or pecuniary provision, or the share of his estate provided by statute. Sec. 2170, R. S.; sec. 17, ch. 89, R. S. 1858; and section 1, ch. 106, Laws of 1877. And she is deemed to have elected to take such jointure or provision, unless, within a year after the death of her husband, she files a notice in writing that she elects to take the provision made for her by law. Sec. 2172, R. S.; sec. 19, ch. 89, R. S. 1858; sec. 3, ch. 106, Laws of 1877. We are of the opinion that, even regarding the moneys paid to the wife, as stated in the will, as a provision in lieu of dower, yet the petition to the county court for dower, within the year, was a sufficient election within the provisions of the statute. *Zœgel v. Kuster*, 51 Wis., 31. This right of election, being secured to the wife by statute, cannot be taken away from her by deed of release to her husband during coverture, nor can such right be taken away from her by the will of her husband.

*By the Court.*— The judgment of the circuit court is affirmed.