## MANNAN v. MANNAN ET AL.

[No. 18,561.   Filed January 4, 1900.]

HUSBAND AND WIFE.—*Jointure.*— *Dower.*—*Election.*— Section 2504 Horner 1897 providing that where a pecuniary provision is made the wife in lieu of her right to one-third of the lands of her husband she shall make her election within one year after the death of her husband whether she will take such jointure or pecuniary provision, or whether she will retain her right to one-third of the lands of her husband does not require an assent in writing to such jointure when created.   *pp. 11–14.*

SAME.— *Jointure.*— *Dower.*—*Election.*—Where a husband conveyed real estate to his wife which by the terms of the deed was in lieu of her interest in his lands, and the wife, after the death of the husband, with full knowledge of the provisions of the deed, occupied the real estate, received the rents and profits thereof, and claimed to own the same by virtue of said deed, she is bound by such acceptance, and cannot take a widow's share in lands devised by the husband to his children.   *pp. 14, 15.*

SAME.—*Jointure.*—*Acceptance During Life of Husband.*—*Election.*— The oral acceptance by a wife during the lifetime of the husband of a pecuniary provision made her in lieu of her right to one-third of the lands of her husband will not deprive her of the right of election after the husband's death given by §2504 Horner 1897. *p. 15.*

From the Marion Circuit Court.   *Affirmed.*

*Willis Hickam* and *J. W. Williams*, for appellant.

*W. S. Sherley, J. C. Robinson* and *M. H. Parks*, for appellees.

MONKS, J.—This action was brought by the children of William R. Mannan by his first wife against appellant, the second wife of said Mannan, and her children by him, to

quiet the title to real estate owned by said Mannan at the time of his death, and for partition of said real estate. It was alleged in the complaint that said Mannan had in his lifetime conveyed to appellant, who was his second wife, 273.25 acres of real estate, described in the complaint, in lieu of all her right or claim in all his real estate and that she accepted said conveyance of said real estate and holds the title thereto, and claims to own the same by virtue of said deed; that said Mannan died the owner of 240 acres of real estate in Morgan county, and that appellant had no interest therein because she accepted the 273.25 acres in lieu of all her interest in the lands of her husband. Appellant filed a cross-complaint against the plaintiffs and her codefendants in the court below, claiming title to the undivided one-third of said 240 acres of real estate as the widow of said Mannan, and asked that her title thereto be quieted. A trial of said cause resulted in a verdict against appellant, and, over a motion for a new trial, a judgment was rendered against her.

The only error assigned calls in question the action of the court in overruling the motion for a new trial.

It is first insisted by appellant that the verdict of the jury is not sustained by sufficient evidence, and that the same is contrary to law. The evidence shows that William R. Mannan and appellant, Sarah J. Mannan, were married in August, 1855; that said Mannan was the father of seven children by his first wife, and seven children by said appellant, his last wife. At the time of her marriage to said Mannan appellant owned a tract of 120 acres of real estate, and $2,500 in cash, which she turned over to her husband. He had the use of said land and money until his death in March, 1896. On September 4, 1880, said William R. Mannan executed a deed to his wife, said appellant, for 273.25 acres of real estate in Morgan county. It was stated in said deed that said conveyance was made in consideration of $2,500, belonging to appellant, which came into the

possession of her husband, the grantor, at the time of their marriage, and the use and control of the same, and as her dower in all of his real estate. Immediately after the description of the real estate is the following: "It is hereby agreed that the above real estate is to remain in the possession and control of said William R. Mannan during his lifetime." Said deed was duly recorded. Mannan, the grantor, remained in possession of said real estate until his death in March, 1896. Immediately after his death, appellant, with the full knowledge of said deed and its provisions, occupied said real estate, and received the rents and profits thereof, and claimed to own the same under and by virtue of said deed, and was in possession of said real estate under said deed at the time of the commencement of this action.

William R. Mannan died testate, and by his will devised all of his property, real and personal, to his children, except the amount of personal property allowed by law to appellant as his widow. On March 20, 1897, appellant filed in the clerk's office of Morgan county her election to take under the law, and not under said will. At the time Mannan executed said deed to appellant he owned the 240 acres of land in controversy, and he owned no other real estate at the time of his death. It is insisted by appellant that there is no evidence that at the time of the execution of said deed she signified, in writing indorsed upon or attached to said deed, her assent to receive the same in lieu of all her right and claim in the lands of her husband, as required by §§2661, 2665 Burns 1894, §§2500, 2504 R. S. 1881 and Horner 1897, and that, therefore, the verdict was contrary to law, citing *Randles* v. *Randles*, 63 Ind. 93. It is provided by §§2661, 2663, 2665 Burns 1894, §§2500, 2502, 2504 R. S. 1881 and Horner 1897, as follows: §2661 (2500) "Whenever an estate in lands shall be conveyed to a person and his intended wife, or to such intended wife alone, or to any person in trust for such intended wife, * * * or whenever, for the same purpose, a pecuniary provision shall be

made for the benefit of the intended wife—the same shall be a bar to the right or claim of such wife in lands of her husband: Provided, The intended wife, at the time of the creation of such jointure, signified, in writing, indorsed upon or attached to the deed creating said jointure, her assent to receive the same in lieu of all right or claim of such wife in the lands of the husband." §2663 (2502) "The jointure of the wife, if consisting of real estate, must not be less than a freehold estate in lands, to take effect, in possession or profit, immediately on the death of the husband." §2665 (2504) "If before her coverture, but without her assent, or if after her coverture, any such jointure or pecuniary provision shall be assured or given for her jointure, in lieu of her right to one-third of the lands of her husband, she shall make her election, within one year after the death of her husband, whether she will take such jointure or pecuniary provision, or whether she will retain her right to one-third of the lands of her husband; but she shall not be entitled to both."

It is settled in this State that an antenuptial agreement in writing executed between the prospective husband and his intended wife, that either or both will take on the death of the other a less interest in the real estate of the other than that given by law, is binding upon the parties thereto until vacated or set aside. *McNutt* v. *McNutt*, 116 Ind. 545, 2 L. R. A. 372, and cases cited; *Rainbolt* v. *East*, 56 Ind. 538, 26 Am. Rep. 40. At common law a wife could not be barred of her dower by an agreement entered into by her after marriage, and if she did enter into an agreement to accept a provision in lieu of dower she might after the death of her husband refuse to accept said provision, and claim her dower, but if she accepted the provision made in lieu of dower, and agreed thereto after the death of her husband, she was concluded. 3 Bacon's Abr. p. 227, 228, 232; 10 Am. & Eng. Ency. of Law (2nd ed.), 211; 11 Am. & Eng. Ency. of Law (2nd ed.), 92; Co. Litt. (B. & H. ed.),

36b, §41. It is said in 3 Bacon's Abr., at p. 232, of §9, Henry 8, ch. 10: "If it be before marriage, she is sole, and as such, under no man's power; if after marriage, she takes a jointure in satisfaction of dower, she may waive it after her husband's death; but, if she enters and agrees thereto, she is concluded; for though a woman is not bound by any act when she is not at-her own disposal, yet if she agrees to it after she is at liberty, it is her own act, and she cannot avoid it."

It has been held in Wisconsin, under a statute on this subject in all respects the same as ours, that, if such jointure or pecuniary provision be made before marriage, and without the assent of the intended wife signified in the manner required by law, or if made after marriage, she shall have one year after the death of her husband to make her election whether she will take such jointure or pecuniary provision, or take the share of his estate given by statute; that, such right of election being secured by statute, she could not by contract made during coverture deprive herself of such right. *Wilber* v. *Wilber*, 52 Wis. 298, 302, 9 N. W. 163; *Munger* v. *Perkins*, 62 Wis. 499, 504, 22 N. W. 511; *Leach* v. *Leach*, 65 Wis. 284, 291, 26 N. W. 754; see also *Townsend* v. *Townsend*, 2 Sandf. (N. Y.), 711; 10 Am. & Eng. Ency. of Law, 211.

It is unnecessary to determine in this case, however, whether or not, if a wife at the time of the creation of such jointure signified in writing indorsed upon or attached to the deed creating said jointure her assent to receive the same in lieu of all her right or claim as such wife in the lands of her husband, she could within one year after the death of her husband repudiate the same and elect to take the interest given by law in the lands of her deceased husband.

It is clear that §2665 (2504), *supra*, whether construed alone or in connection with the other sections of the act of which it forms a part, does not require an assent in writing to such jointure when created. If after and during her mar-

riage any jointure or pecuniary provision shall be assured or given for her jointure, in lieu of her interest in the lands of her husband, and she does not assent thereto in writing, yet if after the death of her husband she accepts said jointure or pecuniary provision, she cannot also receive the interest in her husband's estate given by law to the widow. Said section expressly provides that she shall have one year after the death of her husband in which to elect whether she will take such jointure or pecuniary provision, or whether she will retain her right to the interest given a widow by law, but she shall not be entitled to both. It is evident therefore that the conveyance of said 273.25 acres to appellant merely put her to an election after the death of her husband either to accept the same or retain the interest given a widow by law in the lands of her deceased husband. 11 Am. & Eng. Ency. of Law, 92, and note 4.

In this case the evidence shows that appellant, within one year after the death of her husband, elected to and did take and accept the 273.25 acres of real estate conveyed to her as her interest in all the real estate of her husband. It is true that a part of the consideration was the $2,500 received from appellant at the time of her marriage to Mannan, and the use of the same, but when she elected to take and accept said real estate she could only do so upon the conditions contained in the deed, that is, in satisfaction of the $2,500, and the use thereof, and in lieu of her interest in the lands of her husband. She could not accept it as to one, and reject it as to the other. 11 Am. & Eng. Ency. of Law, (2nd ed.), 59, 60, 62. The fact that her husband cut the timber from the land conveyed after the conveyance, and thereby lessened its value, did not change the rule so as to permit her to accept the land as a payment of her husband's indebtedness to her, and reject the other condition. Neither was the value of the real estate conveyed to her at the date of the deed or after her husband's death material. Having made her election and accepted the 273.25

acres of real estate under said deed within one year after the death of her husband, and with a full knowledge of all the facts, she is bound thereby, and cannot have the interest in the 240 acres in controversy given the widow by law. 3 Bacon's Abr. 232; 12 Am. & Eng. Ency. of Law (2nd ed.), p. 92, and note 4, p. 110; 1 Bishop on Law of Married Women, §§383, 384, 432, 433; §2665 Burns 1894, §2504 Horner 1897. W. C. Banta, a witness for appellees, testified over appellant's objection to facts showing that appellant had full knowledge of the deed to her when it was executed, and that the provisions thereof were satisfactory to her. This evidence was not for the purpose of showing a binding acceptance by appellant of said conveyance, but to show that she had full knowledge of its contents and the purpose for which it was executed. No oral acceptance by her at that time could deprive her of the right of election after her husband's death given by §2665 (2504), *supra*. Robert L. Mannan, a son of appellant, and a party to this action, was called to testify on behalf of appellant to the conversation between appellant and her husband at the time the deed was executed, in order to show that there was not an oral acceptance of said deed by appellant during the lifetime of the husband. It is not necessary to determine whether or not said Mannan was a competent witness, for the reason that, if he was, the error in not permitting him to testify to said fact was harmless. Appellant was examined before the trial, and testified to facts showing that she had full knowledge of said deed and its contents when executed and that after the death of her husband she claimed to be the owner of said real estate under said deed, and received the rents and profits thereof. This examination was read in evidence at the trial. If the testimony of Mannan had been admitted, and had shown that appellant did not accept the deed when executed, or at any time during the lifetime of her husband, the result of the trial would have been the same. The court instructed the jury that they should find for appellant, unless

within one year after the death of her husband she elected to accept the conveyance of said real estate. Indeed, if the evidence of Mannan had been admitted, or if the evidence of Banta as well as the evidence of Mannan had not been admitted, it would not have been error for the court to have directed the jury to return a verdict against appellant. *Randles* v. *Randles*, 63 Ind. 93, cited by appellant, is not in point in this case. In that case one Peter Randles entered into an oral agreement with Mahala Randles, his wife, for a separation, by the terms of which, in consideration that said Mahala would never claim any interest whatever in her said husband's property, real or personal, and that she would live separate and apart from him for the remainder of their joint lives, and would in all respects support and maintain herself, the said Peter would on his part pay or cause to be paid to her the sum of $6,400, which sum he then paid. After the death of said Randles his children brought said action for partition of the real estate of said deceased, and claimed that, under said contract, the widow had no interest therein, and this court held that said contract was invalid, and the widow was entitled to her interest in said real estate the same as if said contract had never been made. It was not alleged in the complaint in said case that the widow had within one year after the death of her husband elected to take the pecuniary provision mentioned in said oral contract in lieu of her interest as widow in her husband's real estate. The effect of an election by the widow after the death of her husband was not involved or decided.

Finding no available error in the record the judgment is affirmed.

Jordan, J., took no part in the decision of this cause.