STATE OF WISCONSIN VS. WAUPACCA COUNTY BANK.

*Vacating of Judgment after one year.*

1. A final judgment in a court of last resort cannot be vacated after a year from its rendition, on the ground that the court had no jurisdiction of the subject matter.
2. Such a judgment remains valid and binding although the court, in subsequent actions of a similar character, may have determined that it has no jurisdiction over the subject matter.

This was a motion to set aside a judgment rendered in this court against the defendant, August 2, 1862 ; and was argued by *Mr. S. U. Pinney,* for the motion, and the Attorney General and *Mr. P. L. Spooner,* contra.

DOWNER, J. On the second day of August, 1862, this court rendered final judgment in this action, by which the corporation defendant was excluded from all corporate rights and franchises, and dissolved, and a receiver was appointed to take possession of certain property held in trust for the bank, and sell the same, and distribute the proceeds *pro rata* among the holders of the bills of the bank. On the 27th of February, 1866, N. B. Van Slyke, by his attorney, filed his affidavit to the effect that he was formerly a stockholder in the bank, and sold to one Bliner, who was a stockholder at the commencement of the action ; also that he, Van Slyke, executed what is called a stockholder's bond, and had been sued thereon. Based on this affidavit, Bliner and Van Slyke made a motion to vacate so much of the judgment as appoints a receiver of the effects of the defendants and provides for the sale and distribution thereof, for the reason that this court had no jurisdiction to render such judgment.

Ought the court to grant the motion, even if we are now of opinion that this court erred in deciding that it had jurisdiction to render that part of the judgment sought to be vacated ? Courts have set aside judgments after the term in which they were rendered, when they were clearly void. In *Dederick vs. Richley,* 19 Wend., 108, the judgment was set aside as void after more than a year had elapsed, because the judgment was entered after the cause had been discontinued by a reference to arbitrators pursuant to a stipulation of the parties. The question of discontinuance was not considered by the court when the judgment was rendered. In *Manufacturers' & Mechanics' Bank vs. Boyd,* 3 Denio, 257, the judgment was entered in New York on a warrant of attorney that only authorized judgment

by confession in the state of Pennsylvania. It was of course void, and, on motion made sixteen months after its rendition, it was vacated. Many cases might be cited where judgments on warrants of attorney have been vacated after the term in which they were rendered, on motion; and the reason, or one of the reasons, why courts entertain these motions in such cases appears to be, that the defendant has not had his day in court, and the court, in rendering the judgment, had not considered the questions raised. In *Ex parte Crenshaw*, 15 Pet., 119, the supreme court of the United States decided that a decree of that court made at a previous term reversing the decree of the circuit court was null and void, and revoked its mandate to the circuit court, because no citation had been served on the appellee. Following these decisions, this court, at the last term, in the case of *Weatherbee vs. Weatherbee*, affirmed an order of the county court vacating on motion its judgment rendered near two years before the motion was made, because there was no service of process. It is questionable whether the principle that underlies these and similiar decisions goes farther than to warrant the vacating of judgments for want of jurisdiction after more than a year has elapsed from the time of their rendition in cases where the particular questions involved in the motion to vacate had not been considered by the court in rendering the judgment. But however that may be, it appears to us that they cannot apply to a judgment in a court of last resort, where that court is the sole judge of its own jurisdiction, and the very question raised on the motion to vacate its judgment for want of jurisdiction was considered by the court in the rendition of the judgment. In this case we must presume from the record that the jurisdiction of the court over the subject matter of the action was more or less considered at the time of the rendition of the judgment. No argument was then presented, or opinion given, nor was the question of jurisdiction so far considered and determined that we should consider ourselves bound by it as a precedent. But the ques-

tion of its own jurisdiction having been determined by the court, its decision is final and conclusive, right or wrong, so far as this case is concerned; for the court had authority to determine and decide all questions arising in the action, including those relating to its own jurisdiction. No statute has provided any process or proceeding by which the court can vacate or reverse its own judgments years after they are rendered, although the court may be of opinion that it erred in rendering them. If the court in this case erroneously decided that it had jurisdiction, it can no more vacate its judgment for such error than for any other. Were we to entertain this motion, similar motions might be made in every case in which this court has determined questions relating to its own jurisdiction. It would not follow that the judgment in this action or any part of it is void, if we should determine the question of jurisdiction differently in another action. If so, this court might, on a question of jurisdiction, after the most mature deliberation, decide in favor of its jurisdiction, and follow the decision as a precedent for years; and if subsequently, in another action, it should decide differently, then all the judgments rendered pursuant to its first decision would be void. This would lead to very great uncertainty and confusion. We hold that the decisions of this court on a question of its own jurisdiction, which it is competent to decide and which no other court has the power to review, is binding in whatever pertains to the action in which it is made, and the judgment therein valid and conclusive, however the court may decide the same question in other cases. These views we think are fully sustained by the following authorities: *Washington Bridge Co. vs. Stewart*, 3 How. (U. S.), 413 ; *Martin vs. Hunter's Lessee*, 1 Wheat., 304 ; *Skillern's Ex'rs vs. May's Ex'rs*, 6 Cranch, 267 ; *Hungerford vs. Cushing*, 8 Wis., 326.

*By the Court.*—The motion is overruled.