Hardy and another vs. Scales and others.

HARDY and another vs. SCALES and others.

*February 10 — March 14, 1882.*

ESTATES OF DECEDENTS.   *Rights of testator's widow as to property not disposed of by the will.*

1. Since the territorial statutes of 1839, the statutory rule in this state has been, that a testamentary provision for the widow was presumptively *in lieu* of dower, unless the will itself showed plainly that such provision was *in addition* to dower.

[2. Whether, under sec. 18, ch. 89, R. S. 1858, a provision in the will, not renounced by the widow, excluded her from dower in real estate *not disposed of* by the will, is not here decided.]

3. Prior to ch. 106 of 1877, the widow took her share of the *personal* property under the statute of distributions, unless excluded by the will itself, without being compelled to make her election.

4. Under ch. 106 of 1877, where a will makes provision for the widow, she is excluded from any share of *either the real or the personal estate* of the testator, left undisposed of by the will, by virtue of the right of dower or under the statute of distributions, unless she duly renounces the provision so made for her in the will.

5. The statute of 1877 repeals by implication subd. 6, sec. 1, ch. 99, R. S. 1858.

APPEAL from the Circuit Court for *La Fayette* County. In September, 1877, Samuel H. Scales died in La Fayette county, leaving surviving him his widow and six children, his only heirs-at-law. By his will, which was duly admitted to probate, he gave to his widow an undivided half of certain real estate, including the homestead, and of the personal property in use thereon, for her life, and to his son *Samuel H. Scales, Jr.*, the other undivided half of said real and personal property, and an estate in remainder in the half given to the widow, expectant upon her death. There was no residuary clause in the will, and the deceased left, in addition to the property above mentioned, a large amount of real and personal property, as to which he died intestate. The widow filed no notice of an election to take the provision made for her by law, instead of the provision made by the will, but took possession

of the property devised to her, claiming the same under the will. The action was brought by two of the children and heirs of the deceased, against the executors of the will and against the widow and other heirs, for a construction of the will; the plaintiffs contending that the widow had no right to any portion of the estate of the deceased except what was specifically given to her by the will; and the defendants contending that, in addition to what was so given to her, she was entitled to dower in all the real estate of the deceased as to which he died intestate, to one-third of the rents and profits thereof received pending the settlement of the estate, and to one-seventh of all the personal property undisposed of by the will. The circuit court, as conclusions of law, held that it did not appear to have been the intention of the deceased, as expressed in his will, that his widow should have any portion of his real or personal property which was not disposed of by said will, and that she, having failed to file a notice of other election, had presumably elected to take the provision made for her by the will, and was not entitled to any portion of or dower estate in any of the real or personal property of the deceased, not specifically given to her by the will. From a judgment accordingly, the defendants appealed.

*W. E. Carter* and *T. J. Law*, for the appellants, argued, among other things, that it is only as to estate which a testator has assumed to dispose of, that a widow is put to her election. As to other property, the statutes as to intestate estates must govern. In case of partial intestacy, the persons entitled to distribution take, not in pursuance of the intention of the testator, but by force of law and regardless of what his intentions may have been. The widow is entitled to participate in the distribution of that part of a testator's estate as to which he dies intestate. In such cases both the next of kin and the widow take under the statutes of distribution, and one cannot acquire the right unless the other does also. 1 Williams on Executors, 650, note 6; 2 id., 1475; 1 Perry on Trusts, secs.

152, 155, 158; Story's Eq. Jur., §§ 1075, 1208; Hill on Trustees, 113; 2 Jarman on Wills (5th Am. ed.), 136, 211, 213, 214; *Nickerson v. Bowly*, 8 Met., 430; *Cushing v. Blake*, 3 Stew. Eq. (N. J.), 695; *Hand v. Marcy*, 1 id., 59; *Davers v. Dewees*, 3 P. Williams, 40; *Oldham v. Carleton*, 2 Cox, 399; *Kempton's Case*, 23 Pick., 163; *Dale v. Johnson*, 3 Allen, 364; *Skellinger v. Skellinger*, 5 Stew. Eq. (N. J.), 659; *Hays v. Jackson*, 6 Mass., 149; *Hill v. Hill*, 2 Hayw. (N. C.), 298; *Dunlap v. Ingram*, 4 Jones, Eq., 178; *Paup v. Mingo*, 4 Leigh, 763; *Wilson v. Wilson*, 3 Binney, 557; *S. C.*, 9 S. & R., 424; *Grasser v. Eckart*, 1 Binney, 575; *Darrah v. Mc-Nair*, 1 Ashm. (Pa.), 238; *Den v. Allen*, Penn. (N. J.), 24; *Dicks v. Lambert*, 4 Vesey, 725; *Pickering v. Lord Stamford*, 2 Vesey, Jr., 272, 581, 336, 492. The right of the widow to a share in the personalty is clear. Ch. 106, Laws of 1877, did not operate to repeal subd. 6, sec. 1, ch. 99, R. S. 1858. There is no conflict between the two statutes. They deal with entirely different subjects. One provides for the disposition of property as to which a person dies intestate, whether or not he may have left a will. The other treats of estates in dower. Statutes must, if possible, be so construed as to avoid repugnancy; and if the provisions of different statutes are, after all, found to be repugnant, each chapter or statute governs as to all matters and questions growing out of the subject matter of such chapter or statute. R. S. 1858, ch. 191, sec. 11; *Mead v. Bagnall*, 15 Wis., 156; *Woodbury v. Shackleford*, 19 id., 55; *Schieve v. The State*, 17 id., 253.

For the respondents there was a brief by *Orton & Osborn* and *P. B. Simpson*, and oral argument by *H. S. Magoon*.

COLE, C. J. In this case the learned counsel did not disagree as to the rule of the common law which put the widow to an election between the provisions made for her by the will of her husband and her right of dower. They fully agree that dower was a legal right which was much favored by the

courts, and that the presumption was that a provision for the widow in the will was a matter of bounty, and was not intended to exclude dower unless it was so expressed in the will, or there was a clear implication to that effect. But it is conceded that this rule of the common law was long since changed by statute here, and the presumption reversed; and that since the adoption of the Revision of 1839, by the territorial legislature, a provision for the widow in the will carried with it the presumption that it was in lieu of dower, and that it had to appear plainly by the will itself that it was in addition to dower, in order that the widow might take both. See Ter. Stats. 1839, p. 184; section 18, ch. 62, R. S. 1849; section 18, ch. 89, R. S. 1858. By the last statute, when the widow was entitled to an election she was deemed to have elected to take under the will, unless, within one year after the death of her husband, she commenced proceedings for the assignment or recovery of her dower, or by some other unequivocal and notorious act waived the provision made for her. *Zaegel v. Kuster*, 51 Wis., 31; *Wilber v. Wilber*, 52 Wis., 298.

Where the widow made a valid election waiving the provisions of the will in her favor, or relinquishing any jointure or pecuniary provision made for her benefit, but without her assent, she was then entitled to be endowed of the lands of her husband in which her dower had not been barred. But whether it was necessary for her to renounce the provision made for her where the testator left real estate not disposed of by the will, in order to be endowed of such intestate real estate, is a question of some difficulty under the statute; but its solution is not essential to the disposition of this case. It is admitted that the law of 1858 and the prior statutes relate to real estate and to the claim of dower proper. These enactments had no application to personal property which was left undisposed of by the will. Therefore, unless the widow was excluded by the will itself from claiming a share in such personal estate, she took her portion under the statute of distri-

bution (subdivision 6, sec. 1, ch. 99, R. S. 1858), without being compelled to make her election. *Kempton's Case*, 23 Pick., 163. This was the state of the statutory law upon this subject when chapter 106, Laws of 1877, was enacted. And the question in this case relates solely to the construction of that act. The first section of the act amends section 17, ch. 89, R. S. 1858, and provides that the widow shall make her election whether she will take any jointure or pecuniary provision made for her without her assent, "or the share of his estate hereinafter provided." The second section amends section 18 of the same chapter, and enacts that when any lands are devised to the widow, or other provision is made for her in the will of her husband, she shall make her election whether she will take the lands "so devised, or the provision so made," or "whether she will claim the share of his estate provided in the next section; but she shall not be entitled to both unless it plainly appears by the will to have been so intended by the testator."

The third section amends section 19 so as to read as follows: ".When a widow shall be entitled to an election under either of the last two preceding sections, she shall be deemed to have elected to take such jointure, devise or other provision, unless within one year after the death of her husband she file in the court having jurisdiction of the settlement of his estate, notice in writing that she elects to take the provision made for her by law, instead of the provision made for her by such jointure or other provision or devise; and upon filing such notice she shall be entitled to the same rights as to dower in his lands, and the same rights as to the homestead, as though he had died intestate, and shall, in addition thereto, be entitled to claim and receive the same share of his personal estate as though he had died intestate: provided, however, that nothing herein contained shall entitle any such widow to claim or receive from the estate of her deceased husband, in any of the foregoing cases, any greater share or part of or interest in his

estate than her rights of dower in his lands, her rights to the possession of the homestead during her widowhood, and one-third part of his net personal estate."

Now the learned counsel for the plaintiffs insist that this statute amounts to a complete revision of the law in respect to the rights of the widow in the estate of her husband who dies testate as to any of his property, having made provision for her in his will. He claims that its language is plainly applicable both to real and personal estate, and excludes the widow from any share or portion of such estate undisposed of by the will, where she does not renounce the provision made for her by the testator. Consequently, he says, as the widow in this case gave no notice of her election to take what was allowed her by law, presumably she chose the provision made for her in the will, and is not entitled to any share or portion of either the real or personal estate left undisposed of by the testator, but is limited to that estate or interest specifically given her in the will. We are inclined to the opinion that this view of that enactment is correct and must prevail. It seems to us difficult to hold, without nullifying its language, that it has nothing whatever to do with the descent or distribution of intestate property, and does not prescribe the rules when the widow is put to her election. Under the old statute she was to make her election whether she would take the provisions in the will, or whether she would " be endowed of the lands of her husband." Under the law of 1877 she is required to elect whether she will take the lands devised to her, or other provision made for her benefit, " or whether she will claim the share of his estate provided " in the third section. She cannot claim both the provision and such share or portion, " unless it plainly appears by the will to have been so intended by the testator."

The change in the language of the statute, compelling the widow to elect whether she would " be endowed with the lands of her husband," or whether she would " claim the share of

his estate," is quite significant. Upon her giving written notice that she elected to take the provision made for her· by law, instead of the provision made for her by any jointure, or other provision or devise, the law declares that she will be entitled to the same rights as to dower in his lands, and the same rights as to homestead, as though he had died intestate; and, in addition thereto, should be entitled to claim and receive the same share·of his personal estate as though he had died intestate; but in no event could she claim any greater share or part of or interest in his estate than her dower rights, her rights to the possession of the homestead during her widowhood, and one-third part of his net personal estate.   It seems to us this language effectually repels the inference that the legislature, by the law of 1877, intended only to amend the sections of chapter 89, R. S., referring to dower, and shows that it was intended to apply to the distribution of intestate personal property.

It is objected that this construction makes the law of 1877 operate to repeal by implication subdivision 6, sec. 1, ch. 99, R. S. 1858; and we think it does have that effect.   It seems to us the two statutes cannot well stand together in a case where the widow is put to her election.   According to this view the widow, *Mahala Scales*, not having made her election, is not entitled to dower in any of the real estate of which her husband died seized, which was not disposed of by the will; nor is she entitled to any portion of the intestate personal property.   The judgment of the circuit court giving construction to the will must therefore be affirmed.

*By the Court.*— Judgment affirmed.