Baker and another vs. Baker, Executor, etc.

*March 17 — April 4, 1883.*

ESTATES OF DECEDENTS.  *(1) Order of distribution, how far set aside on appeal.  (2, 3) Res adjudicata: Allowances to widow.*

1. On an appeal therefrom the final order of a county court distributing the estate of a decedent and adjudging the same to be settled, should be set aside only so far as is necessary to adjust the rights of the parties to the appeal.  The direction of this court on remitting the cause on a former appeal (51 Wis., 538), construed.

2. A county court made orders for a monthly allowance to a widow during the settlement of the estate of her deceased husband, but afterwards revoked them and directed that she be allowed a gross sum, less than the amount to which she was entitled under such previous orders.  Upon an appeal from a final order adjudging the estate to be settled, the order revoking the previous allowance was assigned as error, and the circuit court held that the widow was entitled to the gross sum allowed by that order and to that only.  On appeal this court held that she was entitled to the monthly allowance made by the previous orders of the county court, and remanded the cause to the circuit court with directions to enter judgment accordingly.  On an appeal from the judgment so entered, the question of the power of the county court to make any allowance in the first instance being raised for the first time, it is *held* that the right of the widow to the allowance is *res adjudicata.*

3. Under subd. 2, sec. 3935, R. S., a widow may have an allowance out of the estate of her deceased husband, although by his will he has disposed of all his property.

APPEAL from the Circuit Court for *Racine* County.

The case is stated in the opinion.

*J. V. Quarles,* for the appellant, argued, *inter alia,* that the circuit court should not have set aside the entire judgment of distribution embracing, as it did, several distinct adjudications in which various beneficiaries were interested, and none of which were questioned in any tribunal, except (1) the distribution of the wool under the residuary clause, and (2) the discharge of the executor.  As to the first point the county court was affirmed by both appellate tribunals.

The questions raised concerning the order of allowance to the widow had no relevancy to the order of distribution. Such allowance was no part of her share of the estate, and was not the subject of mention in the final order. Therefore the only tenable objection made to the entire order of distribution was taken to the clause purporting to discharge the executor. This clause is not a proper portion of this statutory order. It is worthy of consideration whether the court can discharge an executor and whether that portion of the order was not, after all, *extra-judicial* and mere surplusage. *Field v. Hitchcock*, 14 Pick., 405; *Sitzman v. Pacquette*, 13 Wis., 306; *Flinn v. Chase*, 4 Denio, 86. Even supposing it was a legitimate feature of the order we have a judgment of the circuit court reversing and setting aside several distinct adjudications of the county court which have never been appealed from or drawn in question. Each distributee took title to personalty under the order, and in behalf of each an action arose immediately against the executor for his distributive share. *Murphy v. Hanrahan*, 50 Wis., 487; R. S., sec. 3940. Can it be said that the title was divested by this anomalous appeal? It is true the language of the notice of appeal is general and ostensibly the appeal is taken from *the order of distribution*. But the reasons given for the appeal limit the general language as well as the scope of the inquiry. One distributee cannot appeal from the whole order and affect the rights of others who do not appeal. *Tryon v. Farnsworth*, 30 Wis., 578, 582. And see *Curts v. Brooks*, 71 Ill., 126. To the point that the validity of the order of allowance was not *res judicata*, because not considered on the former appeal, counsel cited: *State v. Rusk*, 21 Wis., 212; *State v. Rusk*, 23 id., 640, 643; *Woodgate v. Fleet*, 44 N. Y., 1; *Hardy v. Mills*, 35 Wis., 141; *Lathrop v. Knapp*, 37 id., 312; *Eckert v. Pickel*, 14 Rep. (Iowa), 720; *Smith v. Sherry*, 54 Wis., 114; *Holland v. Cruft*, 3 Gray, 187; *People v. Johnson*, 38 N. Y., 64.

For the respondents there was a brief by *Fish & Dodge*, and oral argument by *Mr. Fish*.

TAYLOR, J.   The judgment of the circuit court in this action was reversed by this court upon an appeal taken therefrom by the present respondents, and upon the *remittitur* of this court to the circuit court and on motion of the former appellants the said circuit court again entered judgment in said action, and from this judgment the executor appeals to this court.   The opinion on the first appeal very clearly states the questions passed upon by this court, and the *remittitur* directs the circuit court to enter judgment in accordance with such opinion.   See *Baker v. Baker*, 51 Wis., 538–549.   To clearly understand what was determined by this court on the former appeal, it will be necessary to give a brief history of the litigation in this case.

William Baker, now deceased, died testate.   His will was duly probated.   *Mary Ann Baker*, the present respondent, is the widow of said deceased.   The appellant, *James Baker*, was duly appointed and qualified as executor of the will of said deceased.   After the probate of the will and the qualification of the executor, upon the application of the widow, the county court, on the 31st of August, 1876, made an order allowing the said widow $50 per month for her support and maintenance for one year from March 23, 1876.   This allowance was paid by the executor.   On the the 17th day of November, 1877, said county court made another order, on the application of the widow, granting her an additional allowance of $50 per month, or $600 per year, from March 23, 1877, to the time of the final settlement of the estate by the executor.

Previous to the 1st day of April, 1878, the executor, upon proper notice to all parties interested, made application to the county court for a final settlement of his accounts as executor of the estate of said deceased.   A hearing was had upon such application in said county court, and on the 1st day of April, 1878, that court made a final order adjudging that the final account as rendered by the said executor was in all respects correct, and ratified and affirmed the same,

and assigned to the widow certain household furniture, described in the inventory of said estate, also the use of certain rooms in the house and homestead of the deceased during her widowhood, and also assigned to her, during her natural life, all the use, income, and profit of one third of all the real estate of which the said deceased died seized. The court also assigned to the other devisees and legatees mentioned in said will the real and personal estate devised and bequeathed to them respectively by said will, and in each case the real estate was assigned "subject to the life estate and interest of the said widow therein, as named in said last will and testament of said deceased." It then assigned all the residue and remainder of said estate, both real and personal, to the said *James Baker*, as the residuary devisee and legatee named in said will. The final clause of the order made by the county court reads as follows: "It satisfactorily appearing to this court that the said *James Baker*, as executor of the last will and testament of the said William Baker, deceased, has fully executed the will, and administered and settled the estate of said William Baker, deceased, it is by the court now here adjudged and decreed that the said *James Baker*, as executor as aforesaid, be and he hereby is released and discharged from further duty as such executor, and from all responsibility and liability growing out of the execution of said last will and testament of said William Baker, deceased, and the settlement of his estate."

From this order of the county court the widow and *George W. Baker* appealed to the circuit court for Racine county. The notice of appeal reads as follows:

"*In re* ESTATE OF WILLIAM BAKER.

"*To Elbert O. Hand, County Judge, and James Baker, Executor, etc.:* Please take notice that *Mary Ann Baker* and *George W. Baker*, legatees under the above-mentioned will, do appeal to the circuit court for Racine county, in the state

of Wisconsin, from the final order or decree of this court assigning the property of said estate under said will, and discharging the executor from his trust, bearing date April 1, 1878, for the following reasons, to wit:

"1. The county court erred in construing the said will by holding that a certain quantity of wool, being about 1,131 pounds, which was at 'the home farm,' so called in said will, did not pass to *George W. Baker* under the said will, and by holding and assigning the same to *James Baker* under the residuary bequest in said will.

"2. The court erred in its order made in the course of the administration of said estate, bearing date March 18, 1878, wherein the court modified orders previously made, allowing the sum of $50 per month to the said *Mary Ann Baker* during the settlement of said estate for her support, and allowing her the sum of $800 in lieu thereof.

"3. The court erred by said order wherein it ratified and confirmed the account of said executor, and discharged him from all further liability as such executor, when it appeared by said account, and from testimony taken on said accounting, that said *James Baker*, executor, had failed to execute said will, and had failed to comply with the orders of this court by neglecting to pay over to said *Mary Ann Baker* any of the rents, income, and profits of one third of all the real estate of which said William Baker died seized, bequeathed to her by said will, and by neglecting to pay to said *Mary Ann Baker* the sum of $50 per month for her support during the settlement of said estate, as he was required to do by the several orders of this court, and by failing to pay the sum of $800 for her support, as he was required to do by the order of this court, bearing date March 18, A. D. 1878."

Upon the trial of this appeal in the circuit court for Racine county, that court made the following findings of fact and conclusions of law: The first finding of fact relates to the

ownership of a certain quantity of wool which was claimed by *George W. Baker*, but which was held by the circuit court, and this court on the former appeal, to belong to the general estate. The second and third findings are as follows: " 2. That on the 31st day of August, 1876, the county court, by its order, made an allowance of $600 to the widow of said William Baker, deceased, for her support for one year from March 23, 1876, and that on the 13th day of November, 1877, the widow made application for a further allowance, but that no further order was made in said matter until the 18th day of March, 1878, on which day the county judge made an order providing that said widow should receive the sum of $800 during the settlement of said estate in lieu of all other allowances. 3. That the executor, *James Baker*, from the time of the testator's death, and during each of the farming seasons of 1876 to 1879, inclusive, has occupied 320 acres of said lands of the testator in the town of Yorkville, and that the rental value thereof during said seasons was two dollars per acre for each season."

The circuit judge filed the following conclusions of law: The first relates to the ownership of the wool, and is not material in this case. " 2. That the appellant *Mary Ann Baker* is entitled to an allowance in full during the settlement of said estate of $800. 3. That *James Baker* is liable to pay *Mary Ann Baker*, as and for her third part of the rent aforesaid of the said Yorkville farm, the sum of $853.33, and that said executor upon such payment, and not until then, is entitled to a discharge as such executor. 4. That the costs incurred herein should be paid by the parties respectively incurring the same."

Upon these findings judgment was entered in the circuit court, dated May 11, 1880. The judgment *first* declares that the wool belongs to the estate of the deceased, and to *James Baker* as residuary legatee, and not to *George W. Baker; second,* "that *Mary Ann Baker* have and recover

from *James Baker* the sum of $853.33 as her share of the rent of the Yorkville farm, occupied by said *James Baker* during the four seasons subsequent to said testator's death;" *third,* "that the costs of this suit be paid by the parties respectively incurring the same;" and, *fourth,* "that upon a compliance of said executor, *James Baker,* with the terms of this judgment, by the payment of the above-mentioned sum to said *Mary Ann Baker,* said executor be discharged from all liability as such executor, and that his sureties be released from further liability in said matter." To these findings of fact and conclusions of law the present respondents excepted, and appealed from the judgment to this court.

Upon the determination of that appeal by this court, the finding of the circuit court as to the ownership of the wool, and the value of the use of the one third interest of the widow in the Yorkville farm, and the liability of the executor, as such, to account to the widow for such value before he could be discharged or make a final settlement of the estate as executor, was in all respects affirmed, except that this court held that the executor should pay interest on the rent due to the widow for each separate year's rent from the end of the year to the time of payment; and that part of the findings of fact of the circuit court which found that no order for a further allowance for the support of the widow during the settlement of the estate was made by the county court on the 13th day of November, 1877, was reversed, and the conclusion of law that *Mary Ann Baker* was entitled to an allowance in full, the sum of $800, and no more, was also reversed. Upon the question as to whether an order of allowance was made to the widow by the county court on the 13th day of November, 1877, this court held that such an order had been made by said court. In the opinion on that appeal the present chief justice says: "There is no possible room for doubt that an order was made and announced allowing the widow $50 per month from the 23d day of March, 1877,

to the final settlement of the estate." The court then proceeded to determine that the order subsequently made by the county court revoking and modifying this order was irregular, and an abuse of discretion on the part of the county court.

The effect of the decision of this court on the former appeal, reversing the decision of the circuit court and remitting the cause with directions to enter a judgment in accordance with the opinion, was to direct the circuit court to enter an order or judgment directing the county court to vacate the order of settlement made in favor of the executor, so far as such order of settlement failed to provide for the payment of the four years' rent due from the executor to the widow for the use of the Yorkville farm, with interest upon the amount found due for the annual rent from the end of the year when it became due to the time of payment, and so far as such order failed to direct the executor to pay to the widow $50 per month from the 23d day of March, 1877, to the date of such settlement. No other matters involved in said settlement and distribution of the estate were reversed or changed by the order of this court. All other matters seem to have been properly adjusted.

We think the order made by the circuit court on the *remittitur* from this court should have been restricted to the matters in issue between the widow and the executor, and that neither the order of distribution nor the order of settlement as to other parties should be disturbed. This court on the former appeal substantially instructed the circuit court to enter judgment directing the county court to vacate so much of the order of settlement and distribution as discharged the said executor from his duties as such executor, and as adjudged that his accounts had been properly settled and adjusted as between the appellant and *Mary Ann Baker*, and to allow the claim of the widow against said executor for her allowance at the rate of $50 per month from the 23d

day of March, 1877, to the day when the order should be entered by said county court in pursuance of the mandate of the circuit court, and also her claim for the rents and profits of her third interest in the Yorkville farm at the sum fixed therefor by the circuit court, with interest on each year's rent from the end of the year in which said rent accrued to the time of its allowance by the court, and that upon the payment of said sums by said executor to the said *Mary Ann Baker*, said county court enter an order approving and settling the accounts of said executor and discharging him as said executor.  It may be that the order of the circuit court finding that the executor was indebted to the widow for the rents of the Yorkville farm as such executor, after he had obtained an order of settlement and had his interest in said farm assigned to him as devisee under the will, was unauthorized.    He might well say that his occupation of the farm after the order of distribution was made was no longer an occupation as executor, but as devisee, and therefore the widow's remedy for her share of the rents and profits would not be against him as executor.    But the executor has not appealed from the decision of the circuit court holding him liable therefor as executor, and it is now too late for him to object upon that ground.

Upon this appeal the learned counsel for the appellant has started a new question in the case, and made a very able and critical argument to prove that the county court had no authority to make any allowance to the widow in this case at any time, and it is therefore immaterial whether the court in fact made such an order or not.  If made, it was simply void.  The argument is that under the provisions of sec. 3935, R. S., no allowance can be made to a widow in any case when the deceased has died testate, and by his will disposed of all his property, both real and personal, unless the widow renounces all rights under the will.

The first and plain answer to this argument is that the

question is *res adjudicata* in this case. The county court, circuit court, and this court were called upon to determine the question whether the widow was entitled to an allowance in this case out of the estate of the deceased. The county court, circuit court, and this court held that such allowance could be made, and sustained the order of the county court making such allowance, except as to the amount allowed. It is not a question of jurisdiction. It is admitted that the county court may make allowance in a proper case, and the court upon application must determine for itself whether it is a proper case for an allowance. It may make a wrong decision, and such decision upon appeal may be reversed for error, but the court clearly has the authority to decide the question in every case. The decision may be erroneous, but until it is reversed it must stand. The court has jurisdiction of the subject matter and of the parties, and if it makes a mistake as to the right of the party upon the facts shown to exist, it is mere error.

The fact that the point now raised was not argued on the former appeal in this court cannot affect the question. This court has decided in this case that the widow is entitled to her allowance. If the court erred, it is unfortunate for the appellant. If his case was not fully presented on the former appeal, it is his fault. We are not aware that there is now any way to avoid the effect of the decision made. The only remedy we know of for correcting the errors of this court is by application for a rehearing in the same case. We cite below some of the numerous decisions in this court, showing that the question of the right of the widow to an allowance in this case is *res adjudicata*, even though the county court had no jurisdiction over the subject matter of her application for such allowance. This court has substantially held on the former appeal that such court had the power to make such allowance, and that determination is binding upon the parties to the action, however erroneous it may be.

*Hungerford v. Cushing*, 8 Wis., 324; *Reed v. Jones*, 15 Wis., 40; *Atkinson v. Richardson*, id., 594; *Ryan v. Martin*, 18 Wis., 672; *State v. Waupaca County Bank*, 20 Wis., 640; *Supervisors of Iowa Co. v. M. P. R. R. Co.*, 24 Wis., 93; *Du Pont v. Davis*, 35 Wis., 631; *Lathrop v. Knapp*, 37 Wis., 307; *Pringle v. Dunn*, 39 Wis., 435; *Hutchinson v. C. & N. W. Railway Co.*, 41 Wis., 541–6; *Mohr v. Tulip*, 44 Wis., 274; *Wilcox v. Bates*, 45 Wis., 138; *Estate of Schœffner*, 45 Wis., 614; *Carpenter v. Shepardson*, 46 Wis., 557; *Bowen v. Hastings*, 47 Wis., 232; *Fire Dep't of Oshkosh v. Tuttle*, 50 Wis., 552; *Johnson v. Ashland Lumber Co.*, 52 Wis., 458.

Upon the merits of the objection urged by the learned counsel for the appellant, that under the provisions of the first paragraph of said sec. 3935, R. S. 1878, the county court had no authority to make an allowance for the widow out of the estate of the deceased, we are of opinion that it is not well taken. That part of the section relied upon reads as follows: "When any person shall die possessed of any personal estate, or of any right or interest therein, not lawfully disposed of by his last will, the same shall be applied and distributed as follows." This declaration is followed by seven separate paragraphs, the first of which gives to the widow her apparel and ornaments, and the apparel and ornaments of the deceased, household furniture not exceeding $250 in value, and other personal property not exceeding $200 in value; the second gives a reasonable allowance to the widow and children, or either, constituting the family of the deceased testator or intestate, out of the personal estate or the income of the real estate, etc., for their maintenance during the settlement of the estate, limiting the time during which the allowance shall be made until their shares be assigned to them, or, in case the estate be insolvent, to one year after granting letters testamentary or of administration; the third provides that when a person shall die *testate* or *intestate*, leaving children under seven

years old having no mother, or when the mother shall die before the children arrive at the age of seven years; and before the estate is settled, an allowance shall be made for their support out of the personal estate, or, if that be insufficient, out of the income of the real estate; the fourth provides that when the inventory of *any estate* shows its value does exceed $150, in addition to the allowances before mentioned, the county court may order the whole estate for the use and support of the widow and minor children, and the children under seven years of age; the fifth directs that when the personal estate of *any deceased* person shall amount to more than $150, in addition to all previous allowances specified, the excess shall be applied to the payment of the debts of the deceased, with expenses of administration and funeral charges; the sixth reads as follows:

" The residue, if any, of the personal estate of any intestate, and the residue of the personal estate of a testator, not disposed of by his will, and not required for the purposes hereinbefore mentioned in this section, shall be distributed in the same proportions and to the same persons and for the same purposes as prescribed for the descent and disposition of real estate in chapter one hundred and two, except that when the deceased shall leave a widow and lawful issue, the widow shall be entitled to receive the same share of such residue as a child of such deceased."

The seventh paragraph of said section prescribes what shall be done with such personal estate when there shall be no known heir or distributee. Secs. 3936, 3937, and 3938 all relate to the estates of unknown heirs or distributees. Secs. 3939 and 3940 read as follows:

"Sec. 3939. Before any partition or division of any estate among the heirs, devisees, or legatees, an allowance shall be made for the necessary expenses for the support of the children of the deceased under seven years of age until they attain that age; and the county court may order the execu-

tor or administrator to retain in his hands sufficient estate for that purpose, except where some provision shall have been made by will for their support.

"Sec. 3940. After the payment of the debts, funeral charges, and expenses of administration, and after deducting all the allowances provided for in this chapter, or when sufficient effects shall be reserved in the hands of the executor or administrator for the above purposes, the county court shall, by an order or judgment, assign the residue of the estate, if any, to such other persons as are by law entitled to the same. In such order or judgment the court shall name the persons and the part to which each shall be entitled. Such persons shall have the right to recover their respective shares from the executor or administrator, or from any person having the same. Such order or judgment may be made on the application of the executor or administrator, or of any person interested in the estate."

The sixth subdivision of said sec. 3935, and secs. 3939 and 3940, are inconsistent with the construction sought to be placed upon the first paragraph of said sec. 3935 by the learned counsel for the appellant. If there be any inconsistency or conflict between the first paragraph of the section above referred to and the provisions of subsequent paragraphs and sections thereof in the same chapter, then under subd. 15, sec. 4972, R. S., 1878, "the section which is last in numerical order shall prevail, unless such construction be inconsistent with the meaning of the chapter." By reading the first paragraph of said sec. 3935 in immediate connection with the sixth subdivision, it is plain that the first paragraph must be construed as though there was added to it the following clause: "After the payment of the allowance to the widow and minor children, hereinafter mentioned, and the expenses of administration, funeral charges, and debts of the deceased."

The paragraph above quoted has reference only to the dis-

tribution of the estate which is left after the allowances, expenses, and debts are first paid, and is not intended to limit allowances to intestate estates, or to the estate of a testator who has not disposed of his entire estate by will. It would hardly be contended that the expenses of administration, funeral charges, and debts of the deceased must not first be paid out of the estate in every case before any distribution of the residue could be lawfully made to the heirs, devisees, or legatees, or that the fact that the deceased had left a will disposing of his entire estate could prevent such payment of expenses, charges, and debts. The construction of the clause contended for by the learned counsel for the appellant would as effectually prevent the payment of expenses of administration, funeral charges, and debts in a case where the will of .the deceased disposed of his entire estate, as it would the setting apart and payment of the allowances to the widow and minor children. A construction put upon this provision of the law which would lead to such radical injustice, certainly ought not to be adopted.

This provision of law has been in our statutes since the revision of 1849, and possibly before. It was clearly borrowed from the laws of Massachusetts, where it was adopted certainly as early as 1836. See R. S. of Mass., 1836, ch. 64, sec. 1. The first paragraph of said sec. 1 is as follows: " When any person shall die possessed of any personal estate, or any right or interest therein, not lawfully disposed of by his last will, the same shall be applied and distributed as follows." It will be seen that there are verbal differences in the statute of this state and the statute of Massachusetts above quoted, but they are substantially the same. This opening clause of ch. 64 of the Massachusetts law is immediately followed by a subdivision of the same section, making provision for an allowance to the widow of certain household furniture, necessary for the use of herself and

family, the same as our statute.   So far as we have been able to find any decisions of that state upon this question of allowances to the widow and her family, we find that in construing the law they have not limited the right of the widow to an allowance in cases where the intestate has not disposed of his entire estate by will, but that allowances have been made in all cases without regard to the provisions of the will of the testator.   *Kingsbury v. Wilmarth,* 2 Allen, 310; *Wright v. Wright,* 13 Allen, 207; *Drew v. Gordon,* id., 120; *Adams v. Adams,* 10 Met., 170; *Blackinton v. Blackinton,* 110 Mass., 461; *Bush v. Clark,* 127 Mass., 111; *Brazer v. Dean,* 15 Mass., 183; *Slack v. Slack,* 123 Mass., 443; *Pettee v. Wilmarth,* 5 Allen, 144; *Williams v. Williams,* 5 Gray, 24. In this last case the contest was between the widow for an allowance against a residuary legatee, the same as the case at bar.   Speaking of allowances to be made to the widow, the court say: " The power is not limited to intestate estates; it is given in all cases — whether there is a will or not, whether the widow waives the provision in the will or not — provided there are personal assets from which the allowance can be made.   The allowance for necessaries for the widow, for the use of herself and the family under her care, and that of sustenance of the family of the deceased for forty days after his death, are put upon the same ground."   " The construction of the statute claimed by the appellants would put it in the power of a testator to deprive his widow of all benefit from the beneficent provisions of the statute, simply by making a residuary legatee."   This case is in all respects like the case at bar, and was decided under a statute substantially like the statute of this state, so far as its provisions are applicable to the argument made by the learned counsel for the appellant.   We are inclined to hold, as was held by the supreme court of Massachusetts in the case cited, that the testator cannot deprive the widow of her allowances

under the statute by making a will devising and bequeathing all the residue of his estate to a residuary legatee.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with directions to render a judgment in accordance with the directions of this court in its former opinion, as construed by this court in this opinion; the costs of this appeal to be paid out of the estate.