WILLEY, Respondent, vs. LEWIS and others, imp., Appellants.

*January 13—April 1, 1902.*

*Wills: "Other provision" for widow: Election: Dower: Homestead: Bequest of personal property: County court: Petition: Jurisdiction: Appeal and error: Printed case.*

1. Where a testator devised to his wife a quantity of personal property which she took, and on which she realized $681, such bequest is a "provision" made for her by will within the calls of sec. 2171, Stats. 1898, providing that if any lands be devised to a woman, or *other provision* be made for her in the will of her husband, she shall make her election whether she will take the lands so devised or the provision so made, or whether she will claim the share of his estate as otherwise provided in said statutes.

2. In such case the widow is put to an election, and is barred of her dower and homestead by refraining from filing the required notice, without regard to whether the will gives her all that the testator, in fact, intended, unless the will makes clearly apparent an intention that she shall have both the provision thereby made, and also dower and homestead.

3. Sec. 2173, Stats. 1898, providing for endowment anew when the widow is deprived of the provision made for her by will, or otherwise, in lieu of dower, does not apply where a will has been authoritatively construed to give the widow certain personal property, which she received and retained, and she has failed to make an election in the manner prescribed by statute.

4. A judgment of the county court upon petition for construction of the will, adjudging that the widow "take such interest in, or use of, the real estate belonging to said estate as she is entitled to under the law," affirmed by the supreme court, is not *res adjudicata* as to her right to dower and homestead, only such interest as the law gave her in the situation there presented.

5. Upon petition to the county court for construction of a will, the question presented is merely the disposition made of the property by the will, and the court is without jurisdiction to adjudge that the widow is entitled to dower or homestead in any particular land, independent of the will.

6. A printed case in which a will is printed five times *in extenso*, and also containing all the formal parts of an inventory of the estate, including affidavits of appraisers, violates Supreme Court Rule VIII, providing that the printed case on appeal shall contain only an abstract or abridgment of so much of the record as may be necessary to full understanding of the questions presented.

Appeal from a judgment of the circuit court for Richland county: Geo. Clementson, Circuit Judge. *Reversed.*

In *Willey v. Clark,* 105 Wis. 22, this court affirmed an order or judgment of the county court construing the will of James H. Willey, deceased. By that order, after a conclusion of law that the personal property should be divided and debts paid as provided in said will, and that the real estate belonging to the estate of said James H. Willey, deceased, should be distributed among those entitled thereto as an intestate estate, the county court adjudged that the will be so construed that the administrator pay the debts out of the real estate, deliver to the widow the personal property on the farm, pay $100 legacy to John Annear, and "that the said widow, *Eliza J. Willey,* take such interest in, or use of, the real estate belonging to the said estate as she is entitled to under the law; that all the rest and residue of the said estate be divided among the children of the deceased daughters of the said James H. Willey." Thereafter, without having filed any election rejecting the will, although more

than a year had elapsed, and having received the personal property bequeathed, the plaintiff widow brought this action in circuit court for Richland county for assignment of dower and homestead, wherein the court adjudged her entitled to one third for life of the real estate as dower, and to forty acres thereof during her widowhood as homestead. From that judgment the defendants and appellants, heirs at law, appeal.

For the appellants there were briefs by *Richmond, Smith & Lincoln* and *F. J. Lamb,* and oral argument by *P. L. Lincoln* and *T. C. Richmond.*

*A. R. Bushnell,* for the respondent.

The following opinion was filed January 28, 1902:

DODGE, J. Sec. 2171, Stats. 1898, provides:

"If any lands be devised to a woman or other provision be made for her in the will of her husband she shall make her election whether she will take the lands so devised or the provision so made or whether she will claim the share of his estate provided in the next section; but she shall not be entitled to both unless it plainly appears by the will to have been so intended by the testator."

By her deceased husband's will, as construed by this court, the plaintiff was given a quantity of personal property, which, it appears, realized $681. This she took, and refrained from filing any notice of her election to take the provision made for her by law instead of that made for her by the will. It is strenuously contended by respondent's counsel that this bequest of $681 worth of property is not a provision for the widow, within the meaning of the statute above quoted, but this position is so clearly untenable as not to warrant us in discussing it. The property given was valuable, and it was presently available to her. The gift was express, and evinced the testator's conscious purpose. The force and meaning of the word "provision" was examined, and the authorities on one aspect of it collected, recently in

*In re Donges's Estate,* 103 Wis. 497. Other decisions on the subject are *Application of Wilbur,* 52 Wis. 295; *Hardy v. Scales,* 54 Wis. 452; *Leach v. Leach,* 65 Wis. 284; *Albright v. Albright,* 70 Wis. 528; *Lee v. Tower,* 124 N. Y. 370. We have no doubt that the bequest to plaintiff of this personal property was a provision made for her by the will, within the calls of the statute above quoted.

Counsel for respondent seems to contend that, even if this be a provision for the widow, it cannot put her to an election because it is made to appear that it was not all that the testator intended her to have. But whether such intention existed or not is wholly immaterial as to the effect of the statute. That bars her dower and homestead rights, if any provision is made for her by the will, without regard to whether the will gives her all that the testator in fact intended to, subject, of course, to the case where the will makes clearly apparent an intention that she shall have both the provision thereby made and also dower and homestead.

Again, counsel contends for some applicability of sec. 2173, Stats. 1898, which provides for endowment anew when the widow is deprived of the provision made for her by the will or otherwise in lieu of dower. That statute cannot apply, for she has not been deprived of any provision made for her by the will. After careful examination, that will has been authoritatively construed to give her the personal property which she has received, and to make no other provision for her. The field here presented is one strictly prescribed by statute, and, however we may be impressed by the apparent hardship of the result, we cannot add to or detract from the rule which the legislature has laid down. Under that rule the plaintiff clearly has received a provision made for her by her deceased husband's will, and has failed to make any election in the manner prescribed by the statute to entitle her to the rights which she would have in his property had he made no provision for her.

Counsel for respondent further urges that her right to dower and homestead is *res adjudicata* by reason of the language of the judgment of the county court upon the petition for construction of the will, which judgment was affirmed by this court.    That language is quoted in the statement of facts, and directs that she take such interest in or use of the real estate belonging to said estate as she is entitled to under the law.    The county court did not have before it any question as to what were her rights in intestate property, and, indeed, the county court is by statute restrained from adjudging as to the existence of the right to dower and homestead. The question presented by that petition was merely the disposition made of the property by will, and a decision that the plaintiff would be entitled to dower or homestead in any particular land, independently of the will, would have been wholly outside its then jurisdiction.    There is nothing, however, in the language used to warrant the belief that the county court intended to or did stray outside of the field of jurisdiction aroused by the petition for construction of the will.    The obvious force and effect of his judgment was that the will must be construed as making no disposition whatever of the real estate, and the declaration that plaintiff should have such interest therein as she was entitled to under the law meant, of course, only such interest as the law gave her in the situation there presented, namely, in presence of a will giving to her a substantial provision in the form of personal property, and leaving the real estate of the testator undisposed of.    In that case, without an election to that effect, she cannot take either dower or homestead, and the judgment giving them to her is erroneous.

The printed case discloses considerable excess beyond the behests of rule VIII that there be printed only an abstract or abridgment of so much of the record as may be necessary to full understanding of the questions presented.    After all due concession to possible difference of opinion, it surely is

unnecessary that the will be printed *in extenso* five times. Once would suffice to inform us of its contents. Neither is it necessary in setting out the inventory to print all formal parts, including affidavits of appraisers and the like. At least one sixth of the printed case should be deducted in taxation of costs in this court.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint. Twelve pages will be deducted in taxing costs for printing case.

A motion for rehearing was denied April 1, 1902.