CHAPMAN, Appellant, vs. CHAPMAN and others, Respondents.

*April 19—May 8, 1906.*

*Wills: Election by widow: Right to share in residue.*

Under secs. 2171, 2172, and subd. 6, sec. 3935, Stats. 1898, unless a
    widow renounces the provision made for her in her husband's
    will she is not entitled to share in any residue of his estate not
    disposed of by the will. *Hardy v. Scales,* 54 Wis. 452, followed.

APPEAL from a judgment of the circuit court for Jeffer-
son county: B. F. DUNWIDDIE, Circuit Judge. *Affirmed.*

This is an appeal from part of a judgment of the circuit
court for Jefferson county affirming a judgment of the county
court, by which a residue of personal property left undis-
posed of by the will of one Samuel Chapman was distributed
to the respondents, sons and grandsons of deceased. The facts
in the case are undisputed and are as follows: Samuel Chap-
man died testate April 14, 1904, leaving him surviving his
widow, the appellant, two sons, and two minor sons of a de-
ceased son, respondents. His will was duly admitted to pro-
bate and made provision for the widow and contained certain
bequests unnecessary to state here. After payment of the
legacies and costs of administration a residue of personal
property remained which was undisposed of by the will. The
widow made no election and failed to renounce the provision

made for her in the will. Upon final settlement of the estate it was adjudged by the county court that, having failed to renounce the provision made for her in the will, she was not entitled to any share of the personal property undisposed of. On appeal the circuit court affirmed this judgment. The claim of appellant is that the widow should have shared equally with the children of her deceased husband in the residue undisposed of by the will, and this is the only question involved upon this appeal.

*Frank H. Rogers,* for the appellant.

For the respondents *Marvin C. Chapman* and *Theo. J. Chapman* there was a brief by *Tullar & Lockney* and *Charles E. Williams,* and oral argument by *D. S. Tullar* and *Henry Lockney.*

*A. M. Webb,* guardian *ad litem,* for the respondents *Walter Marcena Chapman* and *Mark Edwin Chapman.*

KERWIN, J. The question raised upon this appeal is one of law, namely, whether the widow is entitled to a portion of the personal property undisposed of, she having failed to renounce the provision made for her in the will. We think the case is ruled by the decision in *Hardy v. Scales,* 54 Wis. 452, 11 N. W. 590. It is claimed by appellant that statutory enactment subsequent to 1877 has changed this rule. The will in *Hardy v. Scales* took effect in 1877, although the case was not decided in this court until 1882, and after the revision of 1878, which contains the same provisions so far as material respecting the widow's election and distribution of personal property as the statutes which control the case here. We do not deem it necessary to consider statutes prior to 1877 upon the subject. Under the provisions of ch. 106, Laws of 1877, the widow was put to her election not only between the provisions in the will and her dower interest, but also as to her homestead rights and share in her husband's personal estate, and this statute has since remained substan-

tially the same. It appears in the revision of 1878, and is now secs. 2171, 2172, Stats. 1898, and provides, in effect, that when provision is made for a woman in the will of her husband she shall make her election whether she will take under the will or under the law, but she shall not be entitled to both, unless it plainly appears by the will to have been so intended by the testator, and when she is entitled to an election she shall be deemed to have elected to take under the will, unless within one year after the death of her husband she file in the court having jurisdiction of the settlement of his estate notice in writing that she elects to take the provision made for her by law instead of the provision made by will, and upon filing such notice she shall be entitled to the same dower in his lands and the same rights to the homestead and the same share of his personal estate as if he had died intestate; and further provides that, when he dies testate, the share of his personal estate which she may take shall not exceed one third of his net personal estate, and that the provision of this and the two preceding sections shall not apply to any case where the husband shall die intestate leaving no issue. Sec. 1, ch. 99, R. S. 1858, respecting distribution, in force at the time the will in *Hardy v. Scales* took effect, after providing that the widow shall be allowed certain articles and also making an allowance out of the personal estate for the widow and children pending the settlement of the estate, further provided, subd. 6:

"The residue, if any, of the personal estate, shall be distributed in the same proportions, and to the same persons, and for the same purposes, as prescribed for the descent and disposition of the real estate; except that the widow, if any, shall be entitled to receive the same share of such residue as a child of such intestate would be entitled to."

Under the revision of 1878 [sec. 3935], subd. 6 was amended so as to read as follows:

"The residue, if any, of the personal estate of any intestate,

and the residue of the. personal estate of a testator, not disposed of by his will and not required for the purposes hereinbefore mentioned in this section, shall be distributed in the same proportions, and to the same persons, and for the same purposes, as prescribed for the descent and disposition of real estate in ch. 102, except that when the deceased shall leave a widow and lawful issue, the widow shall be entitled to receive the same share of such residue as a child of such deceased."

This amendment, it is claimed, so changed the statute as to take the present case out of the rule of *Hardy v. Scales.* Subd. 6, first above quoted, provides that the "residue," if any, of the personal estate shall be distributed, while the statutes of 1878 provide that the "residue," if any, of the personal estate of any intestate, and the residue of the personal estate of a testator not disposed of by his will, and not required for the purposes thereinbefore mentioned in this section, shall be distributed. It will be seen that the term "residue" in subd. 6 of the statute of 1858 was held in *Hardy v. Scales* broad enough to include all residue remaining undisposed of by will, and it has not been narrowed by the amendment. It will be seen that the amendment was intended to cover property not disposed of by will, and not required for the purposes mentioned in preceding subdivisions of the statute, the object manifestly being to make the statute more clear and explicit. So the amendment in the statute of 1878 does not materially change the law of 1858 respecting the distribution of the residue. It more specifically provides that the residue of the personal estate of an intestate, and the residue of the estate of a testator, not disposed of by will, and not required for other purposes specified in the chapter, shall be distributed as prescribed for the descent of real estate. The same provision was substantially continued in the Statutes of 1898.

So far as the question involved here is concerned, the change in the statute does not seem to materially affect it. In *Baker*

*v. Baker,* 57 Wis. 382, 15 N. W. 425, the statute of 1878 appears in the opinion to be treated substantially of the same effect as the statute of 1858, and, while the party's rights became vested in that case under the law as it stood in 1858, the court appears to have recognized the statute of 1878 as being in effect the same as the statute of 1858. It would also appear from this decision that the amendment of subd. 6, referred to, in the revision of 1878, was made for the purpose of meeting the objection that no allowance could be made to a widow in any case when the deceased died testate and by his will had disposed of all his property, both real and personal, unless the widow renounced all rights under the will. The revisers' notes convey this idea. It seems the object of the amendment was to make subd. 6 of sec. 3935, R. S. 1878, clear that distribution should be made after payment of the allowance provided for in the preceding subdivisions, leaving the provision for distribution under subd. 6 to apply to the estate remaining after such allowance. *Baker v. Baker, supra;* Revisers' Bill of 1897, p. 1051. It will also be noted that *Hardy v. Scales* was decided in 1882, after the revision of 1878, and no reference is made therein to any material difference between the distribution statutes of 1858 and 1878 upon the question here, although the question discussed in *Baker v. Baker* respecting the widow's allowance is referred to. The *Hardy Case* involved the exact question here, since which decision there has been no change in the statutes, and we find nowhere in the language of the statutes themselves, in the notes of the revisers, or in the decisions of this court any intimation of legislative or judicial intent to depart from that rule. The *Hardy Case* has been approved and reaffirmed by this court and judicially recognized as the established law of this state upon the question involved. *Van Steenwyck v. Washburn,* 59 Wis. 483, 17 N. W. 289; *Graves v. Mitchell,* 90 Wis. 306, 63 N. W. 271; *Melms v. Pabst B. Co.* 93 Wis. 140, 66 N. W. 244; *Willey v. Lewis,* 113 Wis. 618, 88 N. W.

1021. Under such circumstances and in view of the history of this statute, as well as judicial recognition and approval of the rule laid down in *Hardy v. Scales,* we cannot recognize mere change in phraseology not clearly indicative of intent to change the meaning of the former statute as persuasive. We cannot read out of the change referred to in the revision of 1878 any legislative intent to change the rule laid down in *Hardy v. Scales.* Under the doctrine established in that case and the statutes of this state as they have since existed, the election statute, secs. 2171, 2172, must be strictly if not literally followed respecting the provision made for the widow, and where she fails to renounce the provision made by the will she is barred from taking any other portion of her husband's estate, although such estate may not be fully disposed of by will. The revision of 1878, so far as this question is concerned, appears to be in perfect harmony with the decision of the *Hardy Case,* and is so recognized by the revisers in their notes, as well as by this court in subsequent decisions. In *In re Donges's Estate,* 103 Wis. 497, 510, 79 N. W. 786, the court says:

"The same word used in sec. 2171, R. S. 1878, which puts a widow to her election in case any provision is made for her, has been construed more than once, . . . the general result of which is to give the word an exact literal meaning, and to hold that the giving to the widow anything in form is a 'provision' within that statute, whether it be hers in possession, or whether it be valuable."

And in *Melms v. Pabst B. Co., supra,* the court says:

"It is argued that in some way Mrs. Melms's election to take under the law and not under the will did not affect the devise of the homestead, but that she retained title to the homestead under the will, while taking dower and personal property under the law; thus taking partly under the will and partly under the law. Secs. 2171, 2172, R. S. 1878, seem very clear on this subject. Sec. 2171 provides that when lands are devised to a woman, or other provision made for

her in the will of her husband, she shall elect whether she will take under the will or under the law (not whether she will take partly under the will and partly under the law), but that she shall not have both unless such plainly appears by the will to have been the intent of the testator."

We feel constrained to hold that the case at bar is ruled by *Hardy v. Scales,* and therefore the judgment must be affirmed.

*By the Court.*—The judgment of the court below is affirmed.