Grafton,
April 1, 1930.

HARRY L. HEALD, *Ex'r*,
*v.*
CHARLES S. KILGORE & *a*.

*Harry L. Heald,* for the petitioner.

*Edgar M. Bowker,* for Charles S. Kilgore.

SNOW, J. "Every devise or bequest by the husband or wife to the other shall be holden to be in lieu of the rights which either has by law in the estate of the other, unless it shall appear by the will that such was not the intention." P. L., *c.* 306, *s.* 17.

Prior to this statute a devise or bequest by a husband or a wife to the other was presumed to be in addition to such other's rights at law unless an intention that it be in lieu thereof was shown by the will. *Brown* v. *Brown,* 55 N. H. 106, 107, 108. See *Hovey* v. *Hovey,* 61 N. H. 599, 601, decided after the enactment of the statute, under the will of a testator whose death preceded the statute. This presumption was reversed by the foregoing legislative declaration that every such devise or bequest shall be held to be in lieu of the spouse's rights by law in the testator's estate unless a contrary testamentary intention appears. Commr's Report, Statute Laws 1878 *p.* v. and *c.* 196, *s.* 18; *Ellis* v. *Aldrich,* 70 N. H. 219, 221; *Reed* v. *Dickerman,* 12 Pick. 145, 148, 149; *Hastings* v. *Clifford,* 32 Me. 133; *Corry* v. *Lamb,* 45 Ohio St. 203, 207; *Bowers* v. *Lillis,* 187 Ind. 1, 10; *Hardy* v. *Scales,* 54 Wis. 452, 455; Woerner, Am. Law Adm'n (3d *ed.*) *s.* 119. See 22 A. L. R. *note,* 437, 501, *et seq.* The statute is to be read into the will. *Ellis* v. *Aldrich, supra.* The bequest to the husband or wife, the silence otherwise of the testator and the operation of the statute establish his intention to substitute such bequest for the beneficiary's rights at law. One asserting that the bequest is in addition to such rights has the burden of showing such an intention from the will. It is not necessary, however, that such intention be express. It may be shown by language in the will inconsistent with the statutory presumption.

The question here presented, then, is whether the will affords proof of an intention that the bequest should be in addition to, and not in lieu of, the husband's rights at law. The suggestion advanced that the absence of any express condition annexed to the bequest supplies evidence of such an intention cannot be heeded. Its adoption would nullify the statute. At most the absence of an express condition merely makes easier the affirmative proof of such intention if there were competent evidence to support it. The argument that mere failure to dispose of the residue is evidence of the testatrix's intention that the husband should take his distributive share therein, and warrants a finding that the bequest was in addition thereto, ignores the terms of the statute. The language of the statute is that the bequest shall be holden to be in lieu of the legatee's rights by law "in the estate of" the spouse. Construing the words according to their "common and approved usage" (P. L., c. 2, s. 2) "the estate" of the testatrix includes both intestate and testate property.

The question of the effect of the statute upon property which becomes intestate because of the failure of legacies and, which therefore, presumably, was not within the contemplation of the testator when limiting the bequest to the spouse (Schouler, Wills, s. 3210; *Grant* v. *Stimpson*, 79 Conn. 617, 621, 622; *Forrestal's Estate*, 10 Pa. D & C Rep. 152, 153; *Reed's Estate*, 82 Pa. St. 428, 431. See Jarman, Wills, (6th *ed.*), 550 *et seq.*) is not presented and has not been considered.

The features of the will above discussed are the only ones pointed out in argument as a basis for the husband's claim. We find nothing therein, nor in the will, which appears to be inconsistent with the intention to be implied from the bequest read in the light of the statute; namely, that the bequest was to be accepted instead of the husband's rights at law in the deceased's estate. On the contrary the evidence tends to support that intention.

The "rights" which the husband here "has by law" in his wife's estate, within the meaning of this statute, include a homestead right, a right to have one-third of the personal estate remaining after the payment of debts and expenses of administration, and a right to release the homestead right and take instead thereof one-third of the real estate for his life. The law also gives him the privilege of waiving the provisions of the will in his favor and having the foregoing rights in the place thereof. P. L., c. 214, ss. 1, 2; *Ib.*, c. 306, ss. 12, 13; *Ellis* v. *Aldrich*, *supra*. The home-place occupied by the deceased, in which alone the husband's homestead right presumably

exists (*Austin* v. *Stanley*, 46 N. H. 51, 52; *Cole* v. *Bank*, 59 N. H. 53, 54; *Id.* 321; *Barney* v. *Leeds*, 51 N. H. 253) is given to the son, and is to remain intact for him. To this extent the bequest is clearly in lieu of one of the husband's rights at law.

The scheme of disposition is otherwise inconsistent with the claim that the bequest was intended to be in addition to the husband's rights at law.

The bequest made him would have been the exact measure of the value of his rights at law in the entire estate of the testatrix if her property had consisted of personalty only. Allowing for whatever difference there may be between the value of one-third of the home-place in fee on the one hand, and the value on the other hand of either his homestead right or an elected life interest in such third, the bequest was practically equivalent to the sum of the husband's maximum rights at law in the testatrix's entire estate, with the advantage, if any, in his favor. To be sure the amount of the bequest is not ordinarily of controling importance (see *Piper* v. *Piper*, 34 N. H. 563, 566), but the method adopted by the testatrix in limiting her gift to her husband in terms of a fractional part of her entire estate is significant, not only because the fraction adopted was thus substantially the measure of the value of his rights at law, but also, and more particularly, because she was applying that measure to the whole of her undivided property,—both that which was disposed of and that which was not. It has been held that no part of the property in which a spouse is thus fractionally invested by will can be considered intestate property as to him, but that in such a case he is put to his election as to the whole estate, as well that which passed by the will as that which did not. *Jackson's App.*, 126 Pa. St. 105; *Thompson's Estate*, 229 Pa. St. 542, 550, 551. The significance, however, of the adopted method of division here is that, instead of supplying evidence of an intention to bestow upon the husband an additional gift, it tends to disclose a purpose to secure to the son the family homestead and contents and at the same time so to provide for the husband as not to interfere with the relative values of their rights in her entire estate had she died wholly intestate. This the will, if unwaived, and the operation of the statute accomplish. To adopt the husband's contention would be inconsistent with the testatrix's evident scheme of disposition.

By reason of the force and effect of the statute it is unnecessary to say whether or not there was partial intestacy, because if the will were construed to dispose of all the estate (*Clyde* v. *Lake*, 78 N. H.

322), the husband under such construction would receive only what is expressly given him.

It is our conclusion that the will affords no evidence that the bequest to the husband was not intended to be in lieu of his rights by law; that, therefore the statutory presumption applies, and the husband is put to his election between the provision in the will and his rights by law in her entire estate. The petitioner is accordingly instructed that, in the absence of a waiver by the husband of the testamentary provision in his favor, the whole of the distributable residue should be paid to the son.

*Case discharged.*

All concurred.