Le Saulnier vs. Krueger and wife.

Le Saulnier, Appellant, vs. Krueger and wife, Respondents.

*February 24 — May 23, 1893.*

Debtor and creditor: Fraudulent conveyance: Husband and wife: Consideration: Evidence: Executions.

1. Where a wife claims to hold, as against creditors of her husband, property conveyed directly from him to her after the indebtedness accrued, the burden is upon her to show by clear and satisfactory evidence that she purchased and paid for the property out of her separate estate.

2. An alleged release of dower and homestead rights is no consideration for such conveyance, for she cannot make such release to her husband during coverture.

3. Money received by the wife from her father, but which, long prior to the conveyance, she had given to her husband with no agreement that it should be repaid, is not, as against the creditors, a sufficient consideration for the conveyance.

4. A valid return of an execution may be made after the expiration of the sixty days within which the statute (R. S. sec. 2970) directs that it shall be returned.

APPEAL from the Circuit Court for *Shawano* County.

Action in the nature of a creditors' bill to set aside a conveyance of eighty acres of land from the defendant *Carl Krueger* to *Hannah*, his wife, as in fraud of creditors. Upon the trial it appeared that plaintiff obtained judgment against the defendant *Carl* June 5, 1889, for $140.83, upon a promissory note given by *Carl* to one Hammel, Decem-

Le Saulnier vs. Krueger and wife.

ber 20, 1887, and indorsed to plaintiff before maturity; that execution was issued upon said judgment July 12, 1889, and returned October 5, 1889, *nulla bona;* that *Carl* owned a homestead of forty acres at the time the note was given, also eighty acres of land in addition and adjacent to the homestead; that on the 14th of March, 1888, *Carl* deeded to *Hannah* the last-named eighty acres for the expressed consideration of $400 and a release of her dower and homestead rights, either present or contingent, in the homestead forty acres.

It appeared by the testimony of *Hannah*, introduced by the plaintiff, that she was married to *Carl* in 1871; that in that year she received from her father $100, and in the following year $300, all of which she gave to her husband, and it was spent within a short time, improving the husband's land. It does not appear that any agreement, express or implied, was ever made that it should be repaid. The $400 named in the deed referred to this money. The husband and wife lived upon the farm, and cultivated the whole 120 acres after the conveyance in the same manner as before.

At the close of plaintiff's case the defendants moved that the complaint be dismissed, for failure to prove the allegations of the complaint, and because the plaintiff had failed to prove that *Hannah* took the conveyance without consideration and with intent to hinder, delay, and defraud creditors; and the court thereupon found, as facts, "that the allegations of the complaint are not proved; and, as a conclusion of law, that defendants are entitled to judgment dismissing the complaint, with costs." From judgment dismissing the complaint plaintiff appeals.

*E. J. Goodrick,* for the appellant.

*M. J. Wallrich,* for the respondents, contended, *inter alia,* that the return of the execution was insufficient because not made within the time prescribed by law. R. S.

sec. 2970. The plaintiff could not commence a creditors' suit until a valid execution had been issued and returned unsatisfied, in whole or in part. *Gilbert v. Stockman*, 81 Wis. 602; *In re Remington*, 7 id. 643; *Dunlevy v. Tallmedge*, 32 N. Y. 457; *Adsit v. Butler*, 87 id. 585; 2 Freeman, Executions, secs. 353–365; Wait, Fraud. Conv. secs. 79, 80, 86; sec. 3029, R. S.; *Remington v. Linthicum*, 14 Pet. 84. The deed sought to be canceled was recorded March 24, 1888, seven months before plaintiff became the owner of the note upon which he obtained judgment, so that if the plaintiff is a creditor, his claim accrued after notice of the conveyance sought to be annulled, and therefore he cannot attack it as fraudulent. Wait, Fraud. Conv. sec. 106; *Baker v. Gilman*, 52 Barb. 26; *Kane v. Roberts*, 40 Md. 594; *Sheppard v. Thomas*, 24 Kan. 780. The release by defendant *Hannah Krueger* of her dower right in the homestead forty acres, in part consideration of the land conveyed to her, was a valid settlement and a valuable consideration. Schouler, Husb. & W. sec. 380, note; *Peaslee v. Collier*, 83 Mich. 549; *Mehlhop v. Pettibone*, 54 Wis. 652; *Citizens' Bank v. Bolen*, 121 Ind. 301; *German Am. Sem. v. Saenger*, 66 Mich. 249; *Randles v. Randles*, 63 Ind. 93; *Unger v. Price*, 9 Md. 52; *Payne v. Hutcheson*, 32 Gratt. 812; *Garlick v. Strong*, 3 Paige, 440; *Andrews v. Andrews*, 28 Ala. 432.

The following opinion was filed March 21, 1893:

WINSLOW, J. The contest is between one of the husband's creditors and the wife, where the wife claims to hold the property in question by conveyance direct from her husband, made after the indebtedness accrued. In such case the wife has the burden of showing by clear and satisfactory evidence that she purchased and paid for the property out of her separate estate. *Gettelmann v. Gitz*, 78 Wis. 439. It is clear by the undisputed testimony that she

has not done so. The alleged release of dower and home-stead rights is no consideration, for she cannot make such a release to her husband during coverture. *Wilber v. Wilber*, 52 Wis. 298; *Leach v. Leach*, 65 Wis. 284.

The money which she claims to have received from her father soon after marriage cannot be considered a consideration as against the husband's creditors, because the testimony shows that she made a complete gift of it to her husband nearly or quite twenty years ago, with no agreement that it should be repaid.

There being no consideration for the conveyance shown, the plaintiff was entitled to have it set aside so far as it interfered with the collection of his judgment.

The execution upon the plaintiff's judgment was returned unsatisfied after the expiration of sixty days, within which the statutes direct that it shall be returned; and it is claimed by defendant that for this reason it does not appear that an execution has been returned unsatisfied. The objection cannot prevail. The lapse of time does not divest the officer of power to make a return. 2 Freeman, Executions (2d ed.), § 353.

*By the Court.*— Judgment reversed, and cause remanded with directions to render judgment for plaintiff in accordance with this opinion; with authority, however, to the circuit court in its discretion to grant a new trial upon proper terms if a proper case be made showing that justice requires it.

Upon a motion for a rehearing there was a brief for the respondents by *M. J. Wallrich*, attorney, and *Spooner, Sanborn & Kerr*, of counsel, and a brief for the appellant by *E. J. Goodrick*.

The respondents sought, upon such motion, to have the order of this court (which at first directed merely that judgment be rendered for plaintiff), so modified as to per-

mit the circuit court to grant a new trial upon proper showing made, citing *Garbutt v. Bank of Prairie du Chien,* 22 Wis. 384-395; *Curtis v. Brown Co.* id. 167; *Hart v. Smith,* 44 id. 213-229; *Griffin v. Marquardt,* 17 N. Y. 28; *Schroeder v. Schweizer L. T. V. G.* 60 Cal. 467-472.

The order was so modified, as shown above, and the motion for a rehearing was denied May 23, 1893.