GRAVES, Appellant, vs. MITCHELL, Executor, and others, Respondents.

*April 24 — May 15, 1895.*

*Wills: Construction: Cumulative or substitutional bequest?*

A husband executed to a trustee for his wife a bond, secured by mortgage, for $6,000, reciting that he desired to provide for her "a suitable allowance out of his estate," and providing that said sum should become due and payable to her, or to the heirs of her body by a former husband, upon the death of the obligor, or, in case of her death before his, then said sum should become due and payable to the heirs of her body, and when paid the same should be in full of all claims of dower or otherwise which she might have in his property; also that he or his representatives should have two years after his death or the death of his wife to make the payment, by paying interest at seven per cent. from the date of said death. Some years later he made a will by which he bequeathed to his wife, "in lieu of all other allowances," the sum of $6,000 for her own use, and the use of all his household furniture during her lifetime. After his death, by not electing to take under the statute, the widow elected to take the provision made for her in the will. *Held*, that, as the sum bequeathed and the sum secured by the bond and mortgage were of equal amount, and were given with the same motive, and vested in the widow at the same time, the provision in the will was intended as a satisfaction of and a substitute for the provision made in the bond and mortgage.

APPEAL from a judgment of the circuit court for Waukesha county: A. SCOTT SLOAN, Circuit Judge. *Affirmed.*

On November 25, 1868, the plaintiff, *Rachel Graves*, and the deceased, William Graves, were husband and wife. On that day the said William Graves, under his hand and seal, executed and delivered to one Lyman F. Stowe, as trustee for his wife, the said *Rachel*, a bond in the penal sum of $6,000, to be paid to the said trustee for the said *Rachel*, and to the heirs of her body, for which he thereby bound himself, his heirs, administrators, and assigns. The condi-

tions of said bond were to the effect that whereas the said
William Graves is desirous to provide for said *Rachel* a
suitable allowance out of his estate, and is desirous to give
her and to the heirs of her body, absolutely, the sum of
$6,000, to become due and payable to her or to the heirs of
her body by her former husband upon the death of the said
William; or in case of the death of the said *Rachel* before
the death of said William, then the sum of $6,000 to become
due and payable to the heirs of the body of the said *Rachel*,
or the same may be sooner paid at the option of the said
William; and when paid the same to be in full of all claims
of dower or otherwise which the said *Rachel*, as the wife of
the said William, may or shall have in the property of the
said William; and upon such payment in the lifetime of
the said *Rachel* she is to execute and deliver to the said
William a release in full of all the dower right or other
claims, under her hand and seal; that in case of the death of
the said William or of the said *Rachel* before the payment
of $6,000 the said William or his heirs, executors, adminis-
trators, or assigns shall have two years to pay the same, by
paying interest at seven per cent. from the date of the death
of either the said William or *Rachel;* that upon the full per-
formance of said conditions, then said bond to be void. To
secure the performance of the conditions of said bond the
said William and *Rachel Graves*, under their hands and seals,
November 25, 1868, executed a mortgage upon the lands
therein described, which mortgage was duly recorded.

On the same day of executing said bond and mortgage
they were delivered to the said Stowe, and said Stowe
thereupon gave a bond to the said William Graves, wherein
he bound himself, his heirs and assigns forever, in the sum
of $1,000, and recited therein the bond from said William
Graves to the said Stowe, and then contained, in effect, these
conditions, to wit: Now, therefore, the condition of this ob-
ligation is such that if the said *Rachel* shall accept the pay-

ment of said mortgage executed as aforesaid in full of all other demands of dower or otherwise against said William on his property, and shall execute a release of her dower interest in the property of said William on the payment of said mortgage and bond according to the conditions therein named, and shall make the said William no costs nor expenses by any lawsuit against him for dower or alimony, nor shall make any claim or costs against him whatever over and above the payment of said mortgage by said William to the said trustee as conditioned therein, arising out of the relation of husband and wife between said parties, then this obligation to be void; otherwise to remain in full force and effect.

On April 30, 1877, the said William Graves duly made and executed his last will and testament, under his hand and seal, containing, among other things, the following provision, to wit: "First. After the payment of my just debts and funeral expenses, I give, devise, and bequeath (in lieu of all other allowances) to my wife *Rachel,* the sum of $6,000 for her own use, and the use of all my household furniture, beds and bedding during her lifetime, afterward to be divided between Anna Lee and Henrietta Kane equally, share and share alike." On November 28, 1893, the said William Graves died, leaving said paper writing as his last will and testament; and on February 7, 1894, upon proper proceedings had, said will was admitted to probate by the county court of Waukesha county. Upon proper proceedings had, the said county court, July 31, 1894, entered a decree to the effect that the bequest in said will, in lieu of all other allowances, of $6,000 to the said *Rachel,* for her use, is, if accepted by her, an absolute gift within the true intent and meaning of said will, not limited by the terms of the gift following as to furniture, and is not a gift of the use or income merely; and the said sum is, if accepted by her, payable to her absolutely, and to her legal representatives in the event of her

death antecedent to its payment; that said bequest, being by the terms of said will " in lieu of all other allowances," is, according to the true intent and meaning of said will, not only in lieu of dower and other statutory rights which by law she, said *Rachel,* might, as widow, have had in the estate of said deceased except for some provision to the contrary, but is also in lieu of the like sum secured to be paid to her by the aforesaid bond and mortgage, and supersedes the same, and is not an additional provision thereto; and that the payment to said *Rachel* by the executor of said will of the said $6,000 by said will bequeathed to her will be a full discharge of all claims she may have upon said estate, inclusive of her claims by virtue of said bond and mortgage, as well as of her claims under the statutes in case of an election by the widow to reject the provisions of the will.

Upon an appeal to the circuit court by the said *Rachel,* the construction so placed upon said will by the county court was in all things ratified and confirmed, and said judgment so entered by said county court upon the construction of said will was affirmed. From the judgment of the circuit court the said *Rachel* appeals.

*Maurice McKenna,* for the appellant, contended, *inter alia,* that the gift in the will is cumulative. 13 Am. & Eng. Ency. of Law, 54–60, and authorities cited in the notes; 2 Redf. Wills (2d ed.), 178; Williams, Executors (6th Am. ed.), 1399, 1400. The will provides that the debts of the testator be fully paid. The word " allowances " could not have been meant by the testator to embrace the debt evidenced by the bond and mortgage given by himself. This word must be construed in its plain, ordinary, and legal signification, and particularly in the light of our statute on the subject. S. & B. Ann. Stats. sec. 3935; *Ford v. Ford,* 80 Wis. 565, 568; *Marshall's Ex'rs v. Hadley,* 50 N. J. Eq. 547; *Baker v. Baker,* 51 Wis. 538, 548; Anderson, Law Dict.; *Taylor v. Staples,* 8 R. I. 179; *Bacon v. Bacon,* 43 Wis. 203. Even if the bond

and mortgage should be regarded as in the nature of a testamentary disposition, it cannot be held that the will is a revocation thereof, there being no express clause of revocation contained in the will. The two absolute gifts (the one evidenced by a bond and mortgage, the other by the will) are in separate and distinct instruments. Neither one makes any reference whatever to the other. Neither is in any wise incorporated in the other, and both can, in no sense, be considered as a single instrument. The amounts (the *values*) of each are not the same. One is without interest. No time has been fixed for the settlement of this estate. The legacy, therefore, is not yet payable. *Brooks v. Lynde*, 7 Allen, 64. As a general rule, interest is allowed on legacies only from the time they become payable. *Miller v. Congdon*, 14 Gray, 114; Gary, Prob. Law, § 426 and notes. The other is with interest at the rate of seven per cent. per annum, running from November 28, 1893, the date of the death of William Graves. At most, interest on the legacy would not be payable until the end of one year after the death of the testator. 2 Bl. Comm. 512, 514. And then only at six per cent. Ch. 61, Laws of 1893. The two gifts are payable at different times. The legacy, at the soonest, was payable at the end of one year from the death of the testator, to wit, November 28, 1894. 2 Williams, Executors, Part 3, Book 3, ch. 4, sec. 4, and notes; Gary, Prob. Law, § 425. Payment of the bond and mortgage could not be compelled before the end of *two* years after the testator's death, to wit, November 28, 1895. The legacy is a charge upon the entire estate of the testator. The bond and mortgage is a charge only upon specific real estate. The legacy is of *less* value than the bond and mortgage debt. The legacy would absolutely lapse in the event that *Rachel Graves* predeceased the testator. No contingency could possibly arise which would cause a lapse of the bond and mortgage indebtedness. The two gifts are given in different ways. The legacy is

given directly to the widow. The other is given to a trustee for her. This favors the cumulative construction. *Hodges v. Peacock*, 3 Ves. 735; *Lee v. Pain*, 4 Hare, 201. The bond and mortgage is vested; the legacy is contingent. If the bond and mortgage be regarded as a debt, the widow is entitled to its payment in full, and also to the payment of the legacy. The same is true if the bond and mortgage be regarded as a fully executed gift, because, in such case, the testator could not revoke or reclaim it. He has not attempted to do so, there being no clause of revocation in the will. He could neither pay this debt nor reclaim or revoke this gift by a mere legacy in his will of a *less* value. If the bond and mortgage be regarded as in the nature of a testamentary disposition, *pro tanto*, of testator's property, then the widow is entitled to both, because she comes squarely within the rule of law that, because the two are given her in two separate and distinct testamentary instruments, the testator is presumed to have intended that she should have both, and she is not shown to be brought within any exception to this rule. The following cases ought to be decisive of the case in the widow's favor. *Hitchcock v. Probate Judge*, 99 Mich. 128; *Hurst v. Beach*, 5 Maddock, 351, 363; *Wilson v. O'Leary*, L. R. 12 Eq. Cas. 525, 526; *Forsight v. Grant*, 1 Ves. 298; *Watterson's Appeal*, 95 Pa. St. 312, 317, 318; *Russell v. Minton*, 42 N. J. Eq. 123; *Utley v. Titcomb*, 63 N. H. 129; *Rice v. Boston P. & S. A. Soc.* 56 id. 191; *In re Zeile*, 74 Cal. 125, 131; *Roach v. Callen*, 6 Hare, 531; *Cresswell v. Cresswell*, L. R. 6 Eq. 69; *Russell v. Dickson*, 4 H. L. Cas. 293; *S. C.* 4 Eq. 316.

For the executor there was a brief by *Ryan & Merton*, and oral argument by *E. Merton*.

For the residuary legatees there was a brief by *Chafin & Parkinson*, and oral argument by *E. W. Chafin*.

Cassoday, J.    The bond from William Graves to Lyman F. Stowe, as trustee, and the mortgage from William Graves

and his wife, *Rachel*, to Stowe to secure that bond, and the bond from Stowe back to William Graves, mentioned in the foregoing statement, must be taken and considered together as one instrument, and, when so considered, they were manifestly made with the intention of securing to *Rachel* in case she survived her husband, and to her children by a former husband in case William survived her, the sum of $6,000, to become due and payable upon the death of William or *Rachel* (whichever should first die), or within two years from the date of such first death, with interest from that date at seven per cent., and that such payment should be in full of any and all claim of the said *Rachel*, as the wife or widow of the said William, of dower or otherwise; and such payment was only to be made by such trustee upon condition that she accepted the same in full of all other demands of dower or otherwise against said estate, and executed a release of her interest therein accordingly. It may be, as contended, that a wife cannot, during coverture, by mere deed of release signed by herself alone, bar herself of her statutory rights in the property of her deceased husband. *Wilber v. Wilber*, 52 Wis. 298; *Munger v. Perkins*, 62 Wis. 504; *Leach v. Leach*, 65 Wis. 291; *Le Saulnier v. Krueger*, 85 Wis. 214; *In re Rausch*, 35 Minn. 291; *Holmes v. Holmes*, 54 Minn. 352. Nevertheless, the intention that those instruments should have such an effect is very manifest from their contents, and it is at least very doubtful whether she could have enforced payment under those instruments without at the same time complying with the conditions thereby imposed upon her. However that may be, since it appears that William Graves died November 28, 1893, leaving a last will and testament, in and by which he made provision for his widow, *Rachel*, as mentioned in the foregoing statement, it is manifest that she was thereby put to her election whether she would take the provisions so made for her in the will or claim under the statutes (sec. 2171, R. S.). Being entitled to such election, she must be deemed to have elected to take such provision so made for her in the

will, since it does not appear that within one year after the
death of her husband she filed in the probate court notice in
writing that she elected to take under the statutes instead
of the provisions made for her in the will.    Sec. 2172, R. S.;
*Hardy v. Scales*, 54 Wis. 452; *Van Steenwyck v. Washburn*,
59 Wis. 496.

The question recurs whether the bequest made for the
widow in the will is cumulative or substitutional.   By the
first clause of the will Mr. Graves provides that: "After
the payment of my just debts and funeral expenses, I give,
devise, and bequeath (in lieu of all other allowances) to my
wife *Rachel*, the sum of six thousand dollars for her own
use, and the use of all my household furniture, beds and bed-
ding during her lifetime, afterward to be divided between
Anna Lee and Henrietta Kane equally, share and share
alike."    The portion of this bequest thus giving to the widow
the use for her life of the "household furniture, beds and
bedding" is additional to anything secured or attempted to
be secured to her by the two bonds and mortgage men-
tioned.   No objection is made to the construction placed
upon this portion of that clause by the trial court.   But it
is contended that the portion of the clause which bequeathed
to *Rachel* $6,000 for her own use "in lieu of all other allow-
ances" was, nevertheless, also in addition to the $6,000 se-
cured or attempted to be secured to her by the two bonds
and mortgage.   It will be observed that the amount thus
secured in each instance is precisely the same.   As secured
by the bonds and mortgage, it became due and payable im-
mediately upon the death of William, with the privilege of
those representing his estate to postpone such payment for
a period not exceeding two years, by paying interest thereon
at seven per cent. from the time of his death.   Such pro-
vision for paying interest pending such postponement em-
phasizes the fact that by the terms of the bonds and mortgage
the $6,000 is treated as the property of *Rachel* from the

time of the death of her husband. The will is silent as to the time when the $6,000 should become due and payable. True, the will did not become effectual until it was proved, February 7, 1894 (sec. 2294, R. S.), but the moment it was proved it took effect, by way of relation, as of the death of the testator, which was November 28, 1893. *Bridge v. Ward*, 35 Wis. 687; *Scott v. West*, 63 Wis. 552. In other words, the bequest of $6,000 in the will must be deemed to have become vested in *Rachel*, in point of legal right, immediately upon the death of the testator. *Scott v. West*, 63 Wis. 566, 571. Thus it appears that the $6,000 bequeathed by the will and the $6,000 secured or attempted to be secured by the bonds and mortgage were substantially the same in amount and became vested in the widow at the same moment of time; and, in addition, the will gave her the use of the furniture, beds, and bedding, during her life, as mentioned.

All agree that the will must be construed in accordance with the intentions of the testator as expressed in or implied from the language therein employed. Undoubtedly, the general rule is as contended by counsel for the widow, that: "If a legacy of the same amount to the same person be repeated in two separate *testamentary* instruments, as a will and codicil, *prima facie* the legatee is entitled to both legacies . . . But if the repetition occurs in one and the same *testamentary* instrument, *prima facie* the legatee is entitled to one legacy only." Hawkins, Wills (Am. Notes), 303, and cases there cited. The same learned author, in the same connection, says: "But it may often be the case that of two legacies given by different instruments the latter, whether equal to the former or of greater amount, is a repetition of or substitution for the former." Id. 304. In support of this proposition he cites several English cases, as "where the amounts are equal, but some circumstances are altered;" and "again, where a series of legacies given by

Graves vs. Mitchell and others.

one testamentary instrument is repeated in another with slight variation or additions, the similarity of the two sets of gifts may show that the second instrument, as a whole, is intended as a substitution for, and not an addition to, the first." *Ibid.* In addition to the cases there cited in support of the proposition stated, see *Fowler v. Fowler,* 3 P. Wms. 353; *Barclay v. Wainwright,* 3 Ves. 462; *Hinchcliffe v. Hinchcliffe,* 3 Ves. 516; *Osborne v. Duke of Leeds,* 5 Ves. 369; *Benyon v. Benyon,* 17 Ves. 34; *Kidd v. North,* 14 Sim. 463; *Whyte v. Whyte,* L. R. 17 Eq. 50; *Atkinson v. Littlewood,* L. R. 18 Eq. 595; *Rice v. Boston P. & S. A. Soc.* 56 N. H. 191; 13 Am. & Eng. Ency. of Law, 54–58. In some of these cases the court seized upon very slight circumstances for the purpose of holding that the bequest last made was substitutional.

We do not think there is anything in *Wilson v. O'Leary,* L. R. 12 Eq. 525, *S. C.* affirmed, 7 Ch. App. 448, relied upon by counsel, which militates against the views herein expressed. That case was peculiar in its facts, and appears to have been rightly decided. In the case at bar the language of the will and the circumstances presented pretty clearly indicate that the bequests to the widow in the will were by way of satisfaction of the provisions made for her in the bonds and mortgage. The amount and the motive in each case were substantially the same. A manifest purpose in the bonds and mortgage was to thereby forever bar *Rachel,* upon his death, from any right to any other portion of his estate by virtue of the statutes. Mr. Graves may have realized that there was some doubt whether they would have such an effect. The bequests to her in the will were, under the adjudications of this court cited, presumptively in lieu of any right or claim under the statutes. Such bequests are therein expressed to be "in lieu of all other allowances." Counsel contend that this refers to such allowances as might otherwise have been made to her by the court

under the statutes.   But the bond from Mr. Graves to Stowe speaks of the $6,000 as "a suitable allowance out of his estate."   The word "allowance" is manifestly used in the same sense in the will.

We must hold that the bequests made to *Rachel* in the will were intended to be and are in satisfaction of the provision made for her in the bonds and mortgage.   Had she elected to take under the statutes, a different question might have been presented.

The costs and disbursements of all parties in this court are payable out of the estate.   The county court will make such allowance to the respective parties out of the estate for counsel fees in this court as, in the exercise of a sound discretion, may be just.

*By the Court.*— The judgment of the circuit court is affirmed.