KUPSICK, Appellant, vs. DIESTELHORST, Executor,
Respondent.

*February 11—June 1, 1920.*

*Wills: Bequest as payment of debt: Presumption: Ante-nuptial
contract: Appeal: Weight accorded finding of trial court.*

1. Where a bequest is made in a will equal to or greater in amount
   than a debt owing from the testator to a legatee, the presump-
   tion, in the absence of other facts and circumstances showing
   a contrary intent, is that the bequest is in payment of the
   debt, especially where the time and manner of payment are
   the same, although such presumption is readily rebuttable
   by facts and circumstances showing a different intent.
2. A finding by the trial court in an action to construe a will, that
   testator intended that a legacy was in payment of a debt of
   testator, will not be reversed unless the supreme court is
   satisfied that it was clearly wrong.
3. Where a widower in an ante-nuptial contract agreed to pay
   his intended wife $3,000 on his death, and died possessing an
   estate of $32,000 which had been accumulated largely by the
   help of one of his four sons, with all of whom he was on
   good terms, the trial court properly found that a bequest of
   $3,000 to the widow was in payment of the debt created by
   the ante-nuptial agreement, decedent also bequeathing to the
   widow all his furniture and one fifth of the residuary estate.

APPEAL from a judgment of the circuit court for Sheboy-
gan county: MICHAEL KIRWAN, Circuit Judge. *Affirmed.*

Action to construe a will. In 1904 the testator, then a
widower, made an ante-nuptial agreement with plaintiff
whereby, in consideration of their intended marriage and
her release of dower and all claims against his estate, he
agreed to pay her $3,000 after his death. They married
and lived as husband and wife till his death in December,
1915. In June, 1915, he made his will wherein he gave his
wife all his household furniture and $3,000. She was also
made a residuary legatee of one fifth of the residue of his
estate. Bequests were made to his three sons and his
daughter-in-law. Plaintiff claimed payment out of the
estate of the $3,000 provided for in the ante-nuptial agree-

ment and also of the bequest of $3,000 contained in the will. The executor claimed she was entitled to only one of such sums, because the bequest was in lieu or payment of the ante-nuptial debt and not an additional bequest. The circuit court sustained the claim of the executor, and from a judgment entered accordingly the plaintiff appealed.

For the appellant there was a brief by *Bowler & Bowler* of Sheboygan, and oral argument by *T. M. Bowler*.

For the respondent there was a brief by *Prescott & Gillen* of Sheboygan, and oral argument by *A. C. Prescott*.

VINJE, J.    The question for decision is whether the bequest in the will of $3,000 is in payment of the debt created by the ante-nuptial agreement or is an additional gift. The general rule of the English and American cases is that where a bequest is made in a will of an amount equal to or greater than a debt owing from the testator to the legatee, the presumption, in the absence of other facts and circumstances showing a contrary intent, is that the bequest in the will is in payment of the debt, especially so where the time and manner of payment are the same. See note to *Fidelity Trust Co. v. Martin* (158 Ky. 522, 165 S. W. 665) L. R. A. 1915B, 1156, where the authorities are collected. The presumption raised by the rule, however, is readily rebuttable by facts or circumstances showing a different intent. This presumption was recognized by our court in *Graves v. Mitchell,* 90 Wis. 306, 63 N. W. 271, and that case controls this unless a different intention can be gathered from the facts and circumstances surrounding the testator. The trial court negatived a different intent, and in order to reverse such finding this court must be satisfied that it was clearly wrong. When the ante-nuptial agreement was made testator was a widower. Four sons by his first marriage survived him, with all of whom he was on good terms. Plaintiff was a divorced woman with children who formed part of the family after her marriage to testator. She remarried

again before the final settlement of the estate. The domestic life of testator and plaintiff was neither specially happy nor specially inharmonious. The estate of about $32,000 was accumulated almost entirely before testator married plaintiff and largely with the help of his son John, who had assisted his father in his business for the last twenty-two years. Under the will the widow received more than any of the children except John, excluding the bequest as an additional gift. If that were added to her share she would have nearly as much as the son, who had largely produced the estate. Under such circumstances we think the trial court correctly found that it was not the intent of the testator to make an additional bequest of $3,000 to the widow, but that the bequest was in payment of the debt created by the ante-nuptial agreement. The identities of amount, time, and manner of payment, and the circumstances surrounding the testator, all indicate the trial court reached the right result.

*By the Court.*—Judgment affirmed.