WILL OF SHIRLEY: SHIRLEY, Appellant, vs. JOHNSON, Respondent.

*March 9—April 5, 1932.*

550

552

*T. H. Skemp* and *Q. H. Hale,* both of La Crosse, for the appellant.

For the respondent there was a brief by *Baldwin & Bosshard* of La Crosse, and oral argument by *C. L. Baldwin.*

WICKHEM, J. This case involves two questions: first, Did the widow, by the antenuptial agreement, preclude herself from later claiming under her husband's will? Second, Did the testator intend that the bequests in his will were to be in lieu of, or in addition to, the $1,000 due under the antenuptial agreement?

It is not necessary, in establishing an answer to the first question, to determine whether it is within the realm of legal possibility for an antenuptial contract, as a matter of law, to disable the husband from giving, and the wife from taking, a subsequent gift by will, either in substitution for or in addition to the provisions of the antenuptial contract. Had this contract contained an express provision, by the terms of which the wife agreed not only to waive her legal rights as widow, but not to take under a subsequent will, it might have been necessary to consider this question. However, the contract involved in this case is not open to any such construction.

By the contract the widow agrees that the sum of $1,000 is to be taken in lieu of dower and homestead rights, and that she will renounce all claim against the estate of her husband, and all rights as heir or distributee, and that the agreement is to be considered a legal and equitable bar to all claims which either party surviving the other may make to any part of the property of the other except as agreed upon in the contract. The language plainly indicates an intent merely to free the husband and his estate from the legal rights which would otherwise belong to the widow as incidents of her marital relation. There is no language in the contract that will support a conclusion that the intention of the parties went any further than this. This being true, the contention that the contract was one for the benefit of the children of the testator must also fail. It was intended merely to eliminate the wife's legal claims to her husband's

property, and even if it be assumed to have been for the children's benefit to this extent, which is doubtful, it can certainly have no broader scope or effect than this.

There is nothing in the case of *Deller v. Deller*, 141 Wis. 255, 124 N. W. 278, inconsistent with this conclusion. There the widow was claiming her legal rights in the face of an antenuptial agreement, and the court sustained the validity of the agreement and held that she had precluded herself from asserting such rights.

In *Graves v. Mitchell*, 90 Wis. 306, 63 N. W. 271; *Kupsick v. Diestelhorst*, 171 Wis. 519, 177 N. W. 873, and *Bibelhausen v. Bibelhausen*, 159 Wis. 365, 150 N. W. 516, all involving similar contracts, it was assumed, without any discussion whatever, that there is nothing in the fact of an antenuptial agreement to prevent the husband from inserting either substitutional or additional gifts in the will.

The next question is whether the testator intended that the bequests in his will were to be in lieu of, or in addition to, the $1,000 due under the antenuptial agreement. An examination of the authorities indicates that it is a general rule that a legacy to a creditor equal to or greater than the amount of the debt will be presumed to have been intended as a satisfaction of the debt. This doctrine appears to have been applied in the *Kupsick Case*, cited *supra*. There the antenuptial agreement was to pay the widow $3,000 after testator's death, and the will gave to the wife all of the testator's household furniture and $3,000. The widow was also made a residuary legatee for one-fifth of the residue of his estate. The court held that the bequest in the will of $3,000 was in payment of the debt created by the antenuptial agreement, stating that where the bequest is for an amount equal to or greater than the debt owing from the testator to the legatee, there is a presumption that the bequest is in payment of the debt, especially where the time and payment are the same. In *Graves v. Mitchell*, heretofore cited, the

same rule is followed. There the amount to be paid at the husband's death, in lieu of all other allowances, under the antenuptial agreement, was $6,000. The will of the husband bequeathed to the wife, in lieu òf all other allowances, the sum of $6,000. It was held that the identity of amount, together with the fact that both contract and will referred to the sum as being in lieu of all other allowances, indicated that the gift in the will was in satisfaction of the debt created by the contract. Further authorities upon this subject are collected in 1915 B, L. R. A., p. 1157. From these authorities it appears that the rule above referred to is a mere rule of construction which yields readily to almost any slight showing. It is a rule of some antiquity that seems to have provoked a great deal of dissatisfaction. In *Byrne v. Byrne,* 3 Serg. & R. 54, 8 Am. Dec. 641, it was stated:

"The rule itself is not founded in reason, and often tends to defeat the bounty of testators, and able chancellors have thought it more agreeable to equity to construe a testator to be both just and generous, where the interests of third persons are not affected. And courts of justice will now lay hold of slight circumstances to get rid of the rule." .

To the same effect see *Russell v. Minton,* 42 N. J. Eq. 123, 7 Atl. 342, where the court said: "The court will lay hold of any circumstance, although slight and minute, whereupon to ground an exception to the rule."

In *Perry v. Maxwell,* 2 Dev. Eq. (17 N. C.) 488, it was stated:

"The least circumstance indicative of a contrary intention, or not consistent in point of justice with an intention of satisfaction, has been laid hold of to take a case out of the rule. The exceptions are now as well established as the original principle; so that that principle itself cannot be as properly stated in any way as by modifying it at once by the enumeration of the circumstances which control it."

One of the well recognized exceptions to the rule is that in order for it to operate, the gift which is claimed to operate as a satisfaction should be exactly of the same nature and equally certain. *Barret v. Beckford,* 1 Ves. Sr. 519; *Huston v. Huston,* 37 Iowa, 668; *Derr's Estate,* 13 Phila. 224. Further than this, it is generally held that a direction in the will for payment of debts is sufficient to refute the presumption otherwise entertainable that a legacy equal to or larger in amount than the debt is in satisfaction of the debt. *Strong v. Williams,* 12 Mass. 391, 7 Am. Dec. 81; *Boughton v. Flint,* 74 N. Y. 476; *Reynolds v. Robinson,* 82 N. Y. 103, 37 Am. Rep. 555.

In the instant case the will does direct payment of the debts, and it does not give to the widow a gift of the same kind or character as the amount specified in the antenuptial agreement. The will gives to the widow the household furniture and a life interest in a portion of the residue. Hence, there is no such similarity of amount or nature between the gifts under the will and the sum specified by the antenuptial agreement as would lead to the conclusion that the gifts were in satisfaction of the contract. Nor is there any express provision that the gifts shall so operate. That the testator found it easy to express this intention when he entertained it, is indicated by his earlier will. In this will he provided; first, for the payment of his debts, and followed this with the bequest, "unto my beloved wife, Catherine Shirley, the sum of $1,000 as provided in the prenuptial agreement and contract which is hereto attached and made a part of this my last will and testament." In addition he gave to his wife his automobile, household furniture, and furnishings. The will which was probated contains no bequest to the wife in satisfaction of testator's obligations under the antenuptial contract. It contains a direction to pay debts, followed by gifts to the wife of the automobile, furniture,

personal effects, and a life interest in one-third of the residue. Both wills plainly evidence an intention to give to the wife property in addition to the $1,000 due under the contract. While the earlier will makes it clear that a portion of the property bequeathed is to be in satisfaction of the contract, and while the gift so designated is identical in amount and kind with the sum prescribed by the contract, the later will has no such provision.

It is our conclusion that testator intended to give to his wife gifts in addition to the sum secured to her by the antenuptial contract, and there being no single gift in the will which, by any possibility, could be identified as having been given in substitution for or in satisfaction of the marriage settlement, the widow takes both the $1,000 which has been allowed to her as a claim, and also the gifts under the will.

*By the Court.*—The portion of the judgment appealed from is reversed, and the cause remanded with directions to enter judgment distributing the estate in accordance with the will of the testator.