ESTATE OF STEINKRAUS: KLINGBEIL, Claimant, Appellant, vs. MORRISSEY, Executor, Respondent.

*November 10—December 5, 1939.*

For the appellant there was a brief by *Burdick & Burdick* of Lake Geneva and *Charles O. Bergener* of Racine, and oral argument by *H. L. Burdick.*

For the respondent there was a brief by *E. L. von Suess-milch* and *John H. Kenney,* both of Delavan, attorneys, and a brief by *Thorson & Seymour* of Elkhorn of counsel, and oral argument by *Mr. Kenney* and *Mr. Arthur T. Thorson.*

MARTIN, J.  The appellant claims that in January of 1933 Mr. Steinkraus requested that she go to Florida with him and keep house; that he agreed to pay her for her services. There was no mention of the amount to be paid and no other arrangements were made between the parties other than that Mr. Steinkraus was to pay all expenses including their living expenses while in Florida.  It appears that claimant accompanied Mr. Steinkraus to Florida each winter season during the years of 1933 to 1938, inclusive. Claimant has married since Mr. Steinkraus' death.  Mr. Steinkraus, at the time of his death on April 27, 1938, was seventy-one years of age.  At the time of the hearing in the court below, claimant was fifty-one years of age.  Concerning their relationship, claimant testified: "We were friendly and so close that he proposed to me twice and was ready and willing at all times to marry me but I rejected him."  She further testified that she never asked for any

pay and never rendered any bill for services to Mr. Steinkraus in his lifetime. She further testified that in 1937, Mr. Steinkraus told her "that he was going to see that I was taken care of." And further: "I don't know if this provision about taking care of me in this general way was to be by will." The deceased by his last will and testament bequeathed the claimant the sum of $4,000; it is a general bequest. The will was made May 10, 1937.

In its decision the court below said: "Claimant's conduct in continuing in decedent's employ for the periods shown extending from January 18, 1933, intermittently until decedent's death in April, 1938, without demand for pay, receipt of compensation, or clear-cut oral or written understanding was, to say the least, unusual. The only evidence before the court to explain the situation is the decedent's will, paragraph 4, which specifically bequeathed to claimant, a nonrelative, the sum of $4,000, approximately one third of his entire net estate according to the inventory, and some rather reluctant and hazy admissions on the part of claimant that she expected remuneration, plus similar testimony on her part that she had some knowledge of the will and of its contents, and testimony offered on behalf of the estate to the effect that she had such knowledge." While it appears that the deceased had made a prior will in which some provision was made for claimant, the amount of the bequest does not appear. It does appear, however, that at or about the time the will in question was made, testator told claimant he had made a new will. In that connection claimant testified:

"*Q.* Frank did tell you, did he not, just prior to his death or within a short time: 'I am not leaving you enough for what you have done for me?' *A.* Yes."

"It is a general rule that a legacy to a creditor equal to or greater than the amount of the debt will be presumed to have been intended as a satisfaction of the debt." *Will of Shirley,*

207 Wis. 549, 554, 242 N. W. 207, and cases there cited. Thompson, Wills (2d ed.), p. 366, § 290; Page, Wills (2d ed.), p. 2283, § 1375; Rood, Wills, p. 494, § 739; 86 A. L. R. 7.

There is no direction in the instant will for the payment of testator's debts. Appellant argues that there is nothing in the will itself which shows any intention on the part of the testator that the bequest of $4,000 to claimant was to be in payment of her services. It is true that the reason for the bequest is not stated, and while the rule is regarded with disfavor in some jurisdictions, we think the circumstances in the instant case—the fact that claimant never requested payment for her services or rendered a bill therefor during the lifetime of the deceased, considered in connection with claimant's admissions that she knew of the provision which deceased had made for her in his will—sustain the finding and conclusion of the trial court that there are no circumstances in the instant case to take it out of the rule stated in *Will of Shirley, supra,* and the further finding that: "It appears that satisfaction of the existing debt was the idea that the testator had in mind." In 86 A. L. R., in the annotations at page 7, it is said:

"It has been laid down as a general rule that a legacy to a creditor equal to or greater in amount than the debt will be presumed, *in the absence of anything to indicate a contrary intention,* to be intended as a satisfaction of the debt."

The judgment of the county court must be affirmed.

*By the Court.*—Judgment affirmed.